## EATON VS. NORTH.

1. PRACTICE: *Judgment on demurrer, for whom rendered.*

2. PLEADING: *One who alleges redemption must show his right to redeem.*

1. On demurrer, judgment will go against the party whose first pleading is bad in substance.

2. In an action under chapter 22, Laws of 1859, plaintiff, who claimed title under a tax deed made to his grantor in 1867 for a sale in 1840, claimed also to have *redeemed* the land in 1863 from several tax sales. This part of the complaint *held* bad, as not showing any *right* in plaintiff to redeem in 1863.

APPEAL from the Circuit Court for *Fond du Lac* County.

The plaintiff appealed from an order overruling his demurrer to the answer.

*R. P. Eaton*, appellant, in person.
*Gillett & Pier*, for respondent.

DIXON, C. J. On argument of demurrer, judgment will be against the party whose first pleading is bad in substance. The complaint in this case is defective in not showing that the plaintiff had a right to redeem the land from taxes at the time it is alleged that he did so. The complaint is under chapter 22, Laws of 1859, upon a tax deed executed December 31, 1867, to one H. Eugene Eastman, in pursuance of a sale of the land recited to have been made in the year 1840. The plaintiff claims title under Eastman, by deed dated October 16, 1868. The redemption of the land from tax sales, for which the plaintiff claims a lien, is charged to have been made by him in 1863. The complaint fails to show, therefore, that the plaintiff had, at the time of such alleged redemption, any interest in or lien upon the land which would authorize him to redeem; and it consequently appears that the certificates for the same tax sales in the hands of the defendant and owned by him, as averred in that part of the answer demurred to, are valid as against the lien or claim of the plaintiff with respect thereto set up in the complaint. With no title to or interest in the land at the time, the plaintiff could not redeem, so as to deprive the defendant of his lien or interest acquired by virtue of the certificates.

*By the Court.* — Order affirmed.