## COUSINS vs. ALLEN.

TAX DEED. *What it must recite as to assignment of tax certificate.* — *Presumption from such recital.*

TAX SALE — REDEMPTION. *When heirs cannot redeem.*

1. Where a tax deed recites that the grantee was assignee of the tax certificate, it must be assumed that the assignment was properly made, until the contrary is shown ; especially where the statute makes the deed either conclusive or *prima facie* evidence of the regularity of all the proceedings up to its execution.

2. The successive assignments of the certificate intermediate between the purchaser at the tax sale and the final assignee who procures the deed, need not be recited therein.

3. After lands of an estate have been duly sold by the administrator, the heirs cannot redeem from a prior tax sale.

Cousins vs. Allen.

APPEAL from the Circuit Court for *Winnebago* County.

Ejectment. The court found, *inter alia*, that the county assigned to one Bierly, "by an endorsement by the county treasurer in blank, January 8, 1868, two tax certificates, one of the sale of 1858, and one of the sale of 1865, and tax deeds were issued on both November 20, 1868, to the plaintiff. The sale was made and the certificates issued to the treasurer of Winnebago county." There was no further finding as to plaintiff's ownership of the certificate. As a conclusion of law the court held, that "the tax deeds might lawfully issue to the holder of a tax certificate endorsed in blank only, even though it appeared that the certificate was originally assigned to another person."

The other facts will sufficiently appear from the opinion.

Judgment for plaintiff; and defendant appealed.

*Moses Hooper*, for appellant, contended that, to entitle plaintiff to a tax deed, he should show an endorsement in blank or otherwise by Bierly. Laws of 1859, ch. 22, sec. 14; *Richmond v. The State*, 19 Wis., 307. A tax certificate, being a creation of the statute, can be assigned only as provided by the statute. It carries with it an interest in land, and cannot be passed from hand to hand like a bank bill. *Smith v. Clark*, 7 Wis., 551; *Whitney v. The State Bank*, id., 620; *Mowry v. Wood*, 12 id., 413. Such a state of the law would be productive of much evil. Parties would frequently hold tax certificates on their own land, endorsed in blank, and when it might be for their interest, would, by delivery, pass over the certificate to other persons. The certificate would not show through whose hands it had passed. 2. Counsel contended that the minor heirs had a right to redeem, which passed to their privies in estate; and that the land here had been properly redeemed by the defendant. R. S., ch. 18, sec. 130; *Dubois v. Hepburn*, 10 Peters, 22.

*Gray & Burnell*, for respondent, contended that the finding that *tax deeds* were issued to plaintiff, was sufficient to sustain the judgment; but that even if it were *assumed* that there was no endorsement from Brierly to Cousins, this was not necessary:

that possession of the certificate is *prima facie* proof of ownership, and so the statute regards it. Laws of 1859, ch. 22, secs. 25, 50. Sec. 54 provides for an assignment by the purchaser in blank. And see 19 Wis., 304.

COLE, J. It appears from the finding of the court, that the plaintiff claimed title through two tax deeds, one based upon the sale of 1848, and the other on the sale of 1865. These tax deeds are not set out in the record, nor are the tax certificates on which the deeds were issued. It is objected by the counsel for defendant, that the tax certificates were not properly endorsed or assigned to the plaintiff so as to entitle him to tax deeds upon them. To this the counsel on the other side gives the obvious and most satisfactory answer, that in the absence of all proof showing that the certificates were not properly assigned, we must assume that they were, and that the officer issued the tax deeds to the person who was entitled to them. See *Nelson v. Rountree*, 23 Wis., 367; and *Huey v. Van Wie*, id., 613. Where the tax deed issues to an assignee of the certificate, we do not suppose the law requires that the deed should show upon its face all the various assignments of the certificate. The tax certificate may have been assigned a dozen times, and we can conceive no good reason why these should all be set out in the deed, nor do we think the statute requires they should be. In respect to the deed on the sale of 1858, the law in force when the sale was made (§ 1, chap. 66, Laws of 1854), makes the deed conclusive evidence of the regularity of all the proceedings previous to the execution and delivery of the deed. In the face of such a statute it is clear we cannot assume that the tax certificate was not properly assigned to the plaintiff. And in respect to the other deed, issued on the sale of 1865, the statute of 1859 (chap. 22, § 25), makes that deed "*prima facie* evidence of the regularity of all the proceedings from the valuation of the land by the assessor, inclusive, up to the execution of the deed." So it is apparent we must assume on this record that the certificates were

properly assigned to the plaintiff. *Woodman v. Clapp*, 21 Wis., 350; *Knox v. Huidekoper*, id., 528.

It was further insisted that the facts found by the court show that the land had been redeemed from the tax sales. It appears that the land in question was patented to Augustin Grignon, who died in 1860, leaving Margaret Childs, Alexander Grignon and Charles A. Grignon his only heirs at law. Charles A. Grignon died in 1863, leaving Margaret aged 19, May 17, Emeline 13, Ora 11, and Charles 4 years. Louis B. Porter was administrator of Augustin Grignon, and as such conveyed the land in question, February 25th, 1868, to J. H. Whitney, who conveyed it to the defendant November 16, 1868. April 30th, 1869, Moses Hooper, attorney of defendant, attempted to redeem the premises in the name of the infant heirs of Charles A. Grignon.

Upon these facts it is very plain there was no effectual redemption of the lands. For, on the death of Augustin Grignon, the lands descended to his heirs subject to his debts. The administrator of his estate sold the lands, doubtless for the purpose of paying the debts of the deceased. This sale vested in the purchaser the title and interest of the heirs of Augustin Grignon. So that when the attempt was made to redeem the lands in the name of the infant heirs of Charles, such heirs had ceased to have any estate or interest in the property. The statute provides that "the lands of minors, or any interest they may have in lands sold for taxes" may be redeemed, etc. Section 130, chap. 18, R. S. But these heirs, at the time of the attempted redemption, had no interest whatever in the property, and of course no right to redeem under this provision of the statute.

The judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.