## THE COMMISSIONERS OF THE TOWN OF THOMSON vs. NORRIS.

1. The principle ruled in the case of *Callaway vs. Mayor and Aldermen of Milledgeville*, 48 *Ga.*, 309, will not be extended beyond cases covered by the facts of that case,—that is, to cases where the municipal corporation, in granting license to retail spirituous liquors, acts wholly without jurisdiction over the subject matter of granting license to retail.

2. Where a municipal corporation has jurisdiction to grant such license, and a party voluntarily applies therefor and voluntarily pays the price of the license to the clerk of council without the issuing of any execution or compulsory process of any kind, or any threat to do so, or to punish him in any way if he does not take out the license, and then sues to recover the part of the money so voluntarily paid over and above the tax or license fee authorized by the charter of the corporation before the passing of an unconstitutional amendment to said charter, which increased the license tax to the amount he paid—

*Held*, that such payment of the overplus made by the plaintiff voluntarily and without any process or compulsory proceedings, cannot be recovered back from the corporation.

License. Tax. Municipal Corporations. Before Judge GIBSON. McDuffie Superior Court. September Term, 1878.

Norris sued the commissioners of Thomson to recover $220.00 alleged to have been illegally paid as a license tax upon him as a retailer of spirituous liquors for 1876 and 1877. Defendants pleaded the general issue, and also that the tax could not be recovered, having been voluntarily paid.

The evidence made substantially the following case : By the act of December 16, 1859, the town of Thomson was incorporated and made " a body corporate and politic under the name and title of The Commissioners of the Town of Thomson," with the usual powers, and authorized in section 6 " to issue licenses to retail spirituous liquors in said town or corporate limits, and to charge for the same a sum not less than ten nor over forty dollars." By section 8 " said commissioners shall have power, by their clerk, to issue executions, or enforce the payment of all taxes and debts due to said corporation," which shall be directed to the marshal, " whose duty it shall be to levy said executions on any property belonging to the defendants that may be found in Columbia county." By an ordinance of the corporate authorities, it was provided " that no person shall vend any spirituous, malt or fermented liquors in the town of Thomson, in any quantity whatever, without first procuring a license from the board of commissioners ; the price of which license shall be determined by the board each succeeding year, which shall be payable in advance."

The ordinances of 1876-7 fixed the license tax on retailers at $150.00 per annum.

Norris began business in 1876, and before opening went to the town clerk and applied for license to retail spirituous liquors, which was issued to him, and for which he paid the clerk $150.00, and went through substantially the same course in 1877. No one came to see him about the matter, or demanded that he should take out the license, or pay the fee therefor. He applied for the license, and upon its delivery to him, paid the sum named as the price thereof by the clerk. He knew of the city ordinances upon the subject, and paid because he thought the town had the right to require it, and would make him pay it if he failed or refused. No process by execution or otherwise was issued, to his knowledge, to compel him to pay it; he " did not give them the chance." No threat was used to force him to take out the

license or to pay for it; made no inquiries and asked no questions.

The act of 1872 (p. 16), under the title of "an act to prescribe the manner of incorporating towns and villages in this state," proceeded to confer numerous powers and privileges both upon those towns which should be thereafter created and those already in existence. Among others, was an unlimited power to require license taxes on such things as were required to be licensed by the state. (Code, §789). The act of 1874 (p. 46) amended the title of the act of 1872 by adding "and to authorize towns and villages heretofore incorporated to exercise all the powers conferred by this act."

The jury found for plaintiff. Defendants moved for a new trial on the following, among other grounds:

1. Because the court erred in refusing to charge the jury as requested in writing by defendants: "If the tax was voluntarily paid it cannot be recovered back, and the mere existence of laws authorizing the enforcement of the tax by penalty or execution does not constitute the payment involuntary."

"The payment was voluntary if not under duress, and there was no duress if the plaintiff had the option to pay, or resist payment."

2. Because the court erred charging the jury as follows: "My trouble in this case grows out of the seeming conflict in the two decisions read (48 *Ga.*, 309, and 50 *Ga.*, 304). The Milledgeville case seems to have been rendered by a full bench, and that in the railroad case does not, by reference to the other, overrule it, and, therefore, I think it binding on me. There may be a difference in the fact that one was a municipal and the other a railroad case; a corporation with power to enforce its demands, and one that can only ask, are different."

3. Because the court erred in the following charge to the jury: "If there was a voluntary payment of the sum sued for, it cannot be recovered; but if the defendants, with

the power to enforce the payment, demanded it of the plaintiff, and in response to such demand he paid it, that would not be such a voluntary payment as would estop the plaintiff from recovering it back."

4. Because the following charge of the court was error: "If this case was in court in a different form, if the plaintiff had refused to pay and filed an affidavit of illegality to any execution that might have been issued to collect it, you nor I would have any trouble in coming to a conclusion, nor would this case ever have been brought."

5. Because the verdict was contrary to law and evidence.

The motion was overruled, and defendants excepted.

H. CLAY FOSTER; H. C. RONEY; PAUL C. HUDSON, for plaintiffs in error.

W. M. & M. P. REESE; W. D. TUTT, for defendant.

JACKSON, Justice.

The great fact on which this case turns, in our judgment, is that Norris voluntarily paid the license to retail liquors, acted under it, and got the consideration in full for which it was paid.

The town of Thomson had jurisdiction to grant license to retail spiritous liquors, and this fact takes this case without the case of *Callaway vs. The Mayor and Council of Milledgeville*, 48 *Ga.*, 309. The city of Milledgeville had no authority for any sum whatever to grant such license.

1. The principle ruled there will not be extended beyond cases covered fully by similar facts to those in that case, that is, to cases where the grant of the license for any sum was beyond and without the jurisdiction of the municipal corporation granting it. Where the question is only as to the amount of license fees, and such amount is paid without any compulsory process whatever, we think a distinction can be drawn; and the principles of justice and the great current of authority demand that the rule in that case

laid down be not extended where other facts exist than are in that case, making a different case.

2. The truth is that the authorities run counter if not to the decision, at least to the reasoning in that case, and they are so overwhelming as to sweep away all obstructions which may be interposed by *obiter dicta* or reasoning unsupported by prior authority. See authories cited by plaintiffs in error : 2 Dillon, 751 ; Cooly on Taxation, 566-8-9 ; Burroughs, 442-3 ; 31 Penn. St., 73 ; 1 Ohio St., (N. S.) 268 ; 46 California, 589 ; 13 Am., 220 ; 10 Allen, 48 ; 24 Conn., 88 ; 13 Abbott, 351 ; 2 Sandford, 475 ; 29 Barbour, 85 ; 51 Barbour, 159 ; 27 Maine, 145 ; 15 Missouri, 563 ; 20 Missouri, 143 ; 10 Peters, 137 ; 15 Wallace, 75 ; 12 Pick., 13 ; 13 Gray, 476 ; 8 Cushing, 55 ; 10 Peters, 150 ; 9 Cowen, 674 ; 18 California, 274 ; 115 Mass., 367 ; 70 N. C., 55 ; 52 Missouri, 167, etc., etc.

Therefore, we lay down the principle announced in the syllabus at the head of this opinion, that where the corporation has jurisdiction over the subject matter of the grant of license to retail liquors, and the amount of the fee is paid voluntarily, without execution issued therefor or compulsory process of any sort, or even threat to issue such process, the party so paying more than was authorized except by an amendment of the charter afterwards declared unconstitutional, cannot recover back the overplus. The principle might be made broader, but this will do to cover this case.

Judgment reversed.