THE MAYOR AND COUNCIL OF THE CITY OF COLUM-
BUS vs. FLOURNOY & EPPING et al.

An ordinance of a city assessing " on all gross sales of cotton on com-
mission, by warehousemen, factors, etc., one-tenth of one per cent.,"
was in conflict with the act of 1873, which provided that municipal
corporations of this state shall not levy or assess a tax on cotton, or
the sales thereof;" and injunction was properly granted to restrain
the enforcement thereof.

Injunction.    Municipal Corporations.    Before Judge
BUTT.  Muscogee County.  At Chambers.  April 13th, 1880.

It is only necessary to add to the report contained in
the decision that Flournoy & Epping et al., filed their bill
against the mayor and council to enjoin the enforcement
of the ordinance of the city of Columbus assessing one-
tenth of one per cent. " on all gross sales of cotton on
commission, by warehousemen, factors," etc.   The injunc-
tion was granted, and defendant excepted.

W. F. WILLIAMS; PEABODY & BRANNON, for plaintiff
in error.

BLANFORD & GARRARD, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainants against the
defendant with a prayer for an injunction on the allega-
tions contained therein.   The chancellor, after hearing and
considering the same, granted the injunction prayed for.
Whereupon the defendant excepted.

The only question involved in this case is the legal val-
idity of the following tax ordinance passed by the de-
fendant, to-wit:  " On all gross sales of cotton on com-
mission, by warehousemen, factors, etc., one-tenth of one
per cent."   By the first section of the act of 1873, it is

declared "that from and after the passage of this act municipal corporations of this state shall not levy or assess a tax on cotton or the sales thereof." The defendant is a municipal corporation of this state, and by its ordinance has levied a tax on all of the gross sales of cotton made by the complainants on commission as warehousemen, factors, etc. This is not a tax on the *business* of the complainants as warehousemen or factors, but it is a specific tax on all gross *sales of cotton* made by them on commission, which the first section of the act of 1873 expressly prohibits the defendant from doing, and therefore the ordinance is in violation of that act.

Let the judgment of the court below be affirmed.