McGEHEE & HATCHER *vs.* MAYOR, ETC., OF COLUMBUS.

Where a municipal corporation had general authority over the subject-matter of taxing sales, but by act of the legislature a tax on cotton or sales thereof was prohibited, a tax laid upon such sales was illegal, and could not be collected; but having been voluntarily paid to the city and used by it, such tax could not subsequently be recovered by the party so paying.

(*a.*) Case in 45 *Ga.*, 309, criticised.

December 30, 1882.

Tax. Municipal Corporations. Actions. Before Judge WILLIS. Muscogee Superior Court. May Term, 1882.

Reported in the decision.

BLANDFORD & GARRARD, for plaintiffs in error.

GOETCHIUS & CHAPPELL; PEABODY & BRANNON, for defendants.

JACKSON, Chief Justice.

The plaintiffs in error sued the city of Columbus for taxes paid the city for certain years, levied upon gross sales of cotton upon them by the city, under an ordinance thereof. No execution or other compulsory process was issued to enforce the collection of this tax. The city ordinance alone required its payment, and in response to that requisition, it was voluntarily paid. The tax was illegal, as held by this court in 65 *Ga.*, 231, it being in conflict with the act of 1873. Acts of 1873, p. 67. It enacts that "municipal corporations shall not levy or assess a tax on cotton or sales thereof." So that it is clear that the tax is illegal, and that the money was paid under an illegal tax. When paid voluntarily—that is, without execution levied on the tax payer's property, or some force used against his person—can an illegal tax be recovered back from a

municipal corporation, is thus the legal question made by this record. The court charged that plaintiffs must prove " that it was paid under compulsion to prevent the immediate seizure or sale of plaintiffs' goods or arrest of their persons," and that if a person pays an illegal tax voluntarily, he cannot recover the same back after it has been received and used by the city. On this charge the error is assigned, which makes the question squarely.

In 48 *Ga.*, 309, it was held that a license tax was recoverable, where the city of Milledgeville had no authority at all over the general subject of license, for such license. In 62 *Ga.*, 541, the rule there laid down was doubted, and the overwhelming current of authority was said to be against it, and the cases cited. It was then held that the principle recognized in the 48 *Ga.* would not be extended beyond cases clearly covered by it. In the case of *The City of Savannah vs. Feeley,*[*] it was held that the recovery of back taxes, when paid voluntarily, where the general power existed, should not be encouraged, and " the payment will be held to be voluntary unless actually made under duress, and a mere agreement to pay, though such agreement be under duress, will not make the subsequent payment involuntary, if no legal steps be taken to resist it, and if the payment itself be voluntary. In *The First National Bank of Americus vs. The Mayor and Aldermen of Americus,*[†] it was ruled, that " to recover taxes paid to a municipal corporation, it must appear that the tax was unauthorized; that the amount was actually received by the corporation, and that it was paid under compulsion to prevent the immediate seizure or sale of plaintiff's goods, or arrest of his person." This accords with what the presiding judge charged the jury in the case before us now. This current of authority in our own court runs side by side with its flow elsewhere. The case in the 48 *Ga.*, 309, if it cannot be taken out of this stream of adjudications, must be swept away by them. There, the city of Milledgeville, it may be said, had no

[*] 66 *Ga.*, 31.   [†] 68 *Ga.*, 119.

jurisdiction at all over the subject-matter, while in the case at bar the city of Columbus had authority over the general subject-matter of taxing sales, and by act of the general assembly this particular character of sales, to-wit, cotton, was excluded. And so in the Americus and Savannah cases.

It is conceded, however, that it is difficult to reconcile that case with these; yet, as these are in harmony with that current to which allusion is made in 62 *Ga.*, 541, they must control rather than that exceptional case.

Judgment affirmed.