Rutledge vs. Price County.

---

RUTLEDGE, Respondent, vs. PRICE COUNTY, Appellant.

*March 19 — April 6, 1886.*

TAX SALES: REDEMPTION. *(1) Who may redeem. (2) Illegal taxes: Voluntary payment "under protest:" Recovery.*

1. The words " or other person " in sec. 1165, R. S., do not include a person having no interest whatever in the land sold for taxes.
2. If lands have been sold for illegal taxes, one who redeems the same, knowing all the facts constituting the illegality, merely to avoid the issuing of tax deeds, or the lapse of the time of redemption, or some other such consequence, and without any

Rutledge vs. Price County.

duress or compulsion by an action or threatened action, cannot recover the amount paid although it was paid " under protest." Secs. 1155, 1184, R. S., do not apply to such a case.

APPEAL from the Circuit Court for *Price* County.

The facts are stated in the opinion.

The cause was submitted for the appellant on the brief of *Willis Hand*, *M. Barry*, and *A. R. Mead*, and for the respondent on that of *T. L. Kennan*.

For the appellant it was argued, among other things, that no person can redeem lands from taxes unless he has an interest in the lands at the time he attempts to redeem them, or is legally bound to protect some interest therein. R. S. sec. 1165; *Cousins v. Allen*, 28 Wis. 235; *Eaton v. North*, 25 id. 515; *Penn v. Clemans*, 19 Iowa, 372; 2 Desty on Taxation, 878 et seq. The payment in this case was voluntary, and the plaintiff cannot recover. *Powell v. Sup'rs St. Croix Co.* 46 Wis. 213; *Parcher v. Marathon Co.* 52 id. 388; *Babcock v. Fond du Lac*, 58 id. 230; 2 Desty on Taxation, 791–3. The fact that plaintiff paid under protest is proof that he had knowledge of the facts which rendered the tax invalid. Payment under protest *alone* does not give a right to recover back a void tax. The payment may still be voluntary. *Sonoma Co. Tax Case*, 13 Fed. Rep. 790; *Bucknall v. Story*, 46 Cal. 599; *Detroit v. Martin*, 34 Mich. 173; *Wills v. Austin*, 53 Cal. 152; *Commissioners v. Norris*, 62 Ga. 538; *Union Pacific R. Co. v. Dodge Co. Comm'rs*, 98 U. S. 541; *Lamborn v. Dickinson Co. Comm'rs*, 97 U. S. 181. The threatened issue of a tax deed is not such duress as to warrant the redemption of lands by the payment of a void tax. See cases above cited; also *Morris v. Sioux Co.* 42 Iowa, 416; *Shane v. St. Paul*, 26 Minn. 543.

For the respondent it was contended, *inter alia*, that the payment was made under a mistake of facts, and in ignorance of the fact that the lands were exempt when assessed. The plaintiff ought to recover under sec. 1155 or sec. 1184, R. S.

If he had purchased the outstanding tax certificates instead of redeeming he would have been entitled to recover back his money with interest. *Marsh v. Sup'rs St. Croix Co.* 42 Wis. 355; *Barden v. Sup'rs Columbia Co.* 33 id. 445. Why should he not be equally entitled to have his money where he causes the certificate to be canceled by redeeming? In either case the county would receive his money without any consideration, and would hold money which in justice and equity it ought not to retain. *Matheson v. Mazomanie*, 20 Wis. 191; *Phillips v. Stevens Point*, 25 id. 594. Where illegal taxes are paid under a mistake of fact, the party receiving them is bound to refund, and they may be recovered back in an action for money had and received. *Harrison v. Milwaukee*, 49 Wis. 247; *George's Creek C. & I. Co. v. Alleghany Co.* 59 Md. 255. This was not a voluntary payment of void taxes where officers had authority to levy. The county has obtained the plaintiff's money on the pretense that it had a right to tax the lands; and upon general principles he is entitled to have his money refunded. *Norton v. Sup'rs Dodge Co.* 13 Wis. 612; *Barden v. Sup'rs Columbia Co.* 33 id. 445; *Preston v. Boston*, 12 Pick. 7; *Sumner v. First Parish*, 4 id. 361; *Inglee v. Bosworth*, 5 id. 478; *B. & S. Glass Co. v. Boston*, 4 Met. 181; *Dow v. First Parish*, 5 id. 73; *Amesbury W. & C. Co. v. Amesbury*, 17 Mass. 461. There having been no authority whatever to assess and sell the lands, and the payment having been made under protest, it was not a voluntary payment of illegal taxes, and the plaintiff is entitled to recover it back in an action for money had and received. *Parcher v. Marathon Co.* 52 Wis. 388; *Shephan v. Daniels*, 27 Ohio St. 527; *W. U. Tel. Co. v. Mayer*, 28 id. 521. See, also, *Erskine v. Van Arsdale*, 15 Wall. 75; *Atwell v. Zeluff*, 26 Mich. 118.

ORTON, J. This was a claim presented to the county board of Price county by the respondent for allowance;

and, it having been disallowed, the respondent appealed to the circuit court, and that court, without a jury, found for the respondent the full amount of his claim and interest, and the county has appealed to this court from the judgment. The claim was as follows:

"*Price County to E. Rutledge, Dr.*

"For amount paid under protest to redeem the following described lands from the tax sales hereinafter mentioned, which taxes were illegal and void for the reason that the title to said lands was in the United States, or in the state of Wisconsin, at the time the taxes were levied and assessed thereon, and said lands were not subject to taxation."

The description of the lands and the various tax sales are supposed to have accompanied the complaint. The defendant county objected to any evidence under the complaint, for the reason that "there is nothing whatever in the complaint to connect the plaintiff with the land described in the complaint. There is no showing whatever of title or interest in the land, and it is objected to on the ground that the complaint does not state facts sufficient to constitute a cause of action." The objection was overruled, and an exception taken. The evidence for the plaintiff consisted of several redemption receipts of said land for different years, amounting in all to $624.45, which was the amount found by the court, with interest from the date of the disallowance of the claim, of $76.31, to be added thereto. The receipts were in the same general form as the following:

"$518.81. REDEMPTION RECEIPT No. 77 — STATE OF WISCONSIN, COUNTY OF PRICE.

"OFFICE OF COUNTY CLERK,

"PHILLIPS, WIS., May 1, 1883.

"Received of *E. Rutledge*, under protest, the sum [as above] in full redemption from the tax sale of 1880 for the taxes of 1879, [on the lands described]."

The receipts are signed by F. W. Sackett, county clerk.

There was then evidence offered tending to show that the lands belonged to the state or the United States when assessed for said taxes. There was no evidence as to whom the lands were assessed to, or as to their ownership or occupancy at the time, otherwise than as above, and there was no evidence as to who purchased them at the tax sales, or as to the ownership of the tax certificates, or as to the grantees of any deeds, and there was no evidence that the plaintiff had any interest in the taxes, sales, or lands. He stands in this record as an entire stranger, having redeemed somebody's land from tax sales to somebody, for taxes against somebody, whom we do not know. He does not appear to have any interest in the question as to who owned the land when assessed, or the legality of the assessment. His sole and only interest is in the money (if any) he paid to the county clerk or treasurer to redeem the lands of some stranger from tax sales *under protest.* He was under no obligation to so pay out his own money, and there was no duress or stress or necessity, and no threat or apprehension or expectation or fear of any injury to himself or his property. He had no right to redeem these lands from tax sales, having no interest in them. *Eaton v. North,* 25 Wis. 514; *Cousins v. Allen,* 28 Wis. 232.

The words "or other person," in sec. 1165, R. S., do not embrace other persons having no interest whatever in the land, and the above cases are in point to that effect. It was not necessary or attempted to define the meaning of these words in *Campbell v. Packard,* 61 Wis. 88. The case concerned only the *occupant* of the land. In *Madison, W. & M. P. R. Co. v. Watertown & P. P. R. Co.* 7 Wis. 59, it was held that a corporation having no legal power to do so, and having become guaranty to another corporation for a loan which the latter corporation had no legal power to make, that paid such loan voluntarily, alleging that it was

compelled to do so, could not recover it back. The taxes and twenty-five per cent., deposited by the defendant in a suit to foreclose tax certificates for illegal taxes, cannot be recovered, because the payment or deposit was unnecessary. *Powell v. Sup'rs St. Croix Co.* 46 Wis. 210. The case of *Philleo v. Hiles,* 42 Wis. 527, is distinguished from that case and that class of cases, because the owner bought the certificates from the county. See, also, *Babcock v. Fond du Lac,* 58 Wis. 230.

By these and many other cases in this court, if the plaintiff had a legal right to redeem these lands, and had done so merely under protest, there being no duress or compulsion by an action or threatened action, but merely to save or avoid the issuing of tax deeds, or the lapse of the time of redemption, or some other such consequence, knowing all the facts constituting the illegality, he could not recover the money back, and protest will be of no avail in such case. *Shane v. St. Paul,* 26 Minn. 543. Mere *protest* in any case of payment does not affect the question whether it is voluntarily made. Protest expressed when the money is paid, only saves the right to contest the illegal assessment or tax, and prevents the effect of a waiver. It is a voluntary payment under protest. The protest is unavailable except when the payment is made under duress or compulsion. *Bucknall v. Story,* 46 Cal. 599. Payment of taxes under protest, when there is no legal duress, is voluntary. *Wills v. Austin,* 53 Cal. 152. In *Detroit v. Martin,* 34 Mich. 173, the assessment was paid under *protest,* and to avoid a threatened sale of the land, and the protest was entered upon the books of the treasurer, protesting against the legality of the tax, and yet it was held a voluntary payment, and that it could not be recovered back. In *Railroad Co. v. Commissioners,* 98 U. S. 541, the railroad company paid the taxes assessed on land then belonging to the United States, and protested in writing against their taxability to the company, but there

Rutledge vs. Price County.

was no legal duress, and it was held a voluntary payment, and not recoverable. See, also, other cases cited in the brief of appellant's counsel, and *Parcher v. Marathon Co.* 52 Wis. 388.

Too much has already been said on this question, on the assumption that the plaintiff had an interest in the land or taxes, or both, and had a right to redeem. But these authorities go, also, to the right of recovery in any case of voluntary payment of money under protest without legal duress. This case does not come within the statute allowing or requiring the county board to refund taxes paid after sale, or any other statute, and it is not seriously contended that it does. But it is contended that it comes within the reason and just.ce of the statute. Statutory remedies cannot be so liberally extended.

Again, it is contended that the money was paid under a mistake of fact. It is not so alleged or proved. If the plaintiff paid the money by mistake, why did he protest? He asked for no information or advice, and he is presumed to have known the legality of the tax and the sales.

It is claimed, also, that the plaintiff could recover for money had and received which it is unjust in equity for the county to retain. Let us see. The money was paid to redeem from sales, and it is at once paid to those who held the certificates, or it has gone into the general revenue. Neither the clerk nor the treasurer was ever requested to retain the money in his hands for the plaintiff. It was paid as all other redemption money is paid, except by a stranger, and effected the same results, of the cancellation of certificates, and of removing a cloud from the lands produced by the sales. It was not in any sense a mere special deposit on condition; and it is conclusive of such a remedy, because, as we have seen, the money was paid in such a manner that it was a voluntary payment. The plaintiff was competent, if he chose to do so, to make the county, or the person against whom the tax was assessed, a gift *inter vivos*.

The Little Wolf River Imp. Co. vs. Jackson, Garnishee, etc., and others.

In any view in which the case may be considered, this was a voluntary payment. The law cannot prevent a man from throwing or giving away his money, or paying it out for others when he is not required to do so; and it cannot follow him as his guardian or protector, or give him relief, except when he is defrauded or forced, or pays under legal duress. It was found by the court merely that the plaintiff paid the money under protest. That was not enough to justify the judgment, even though it was also found that the lands, when assessed, belonged to the state or United States. The court should have sustained the demurrer *ore tenus*, and finally should have rendered judgment for the defendant.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with direction to render judgment in the action in favor of the defendant county.