## LAMAR vs. SHEPPARD.

1. Where a homestead was sold under tax *fi. fas.* against the head of a family, and a bill was filed by his wife to enjoin a dispossession thereunder, alleging that, after the sale and within the time prescribed by law, the amount of money required to redeem the land was tendered to the purchaser, who refused to receive it and allow the redemption, which allegation was denied by the purchaser, and the affidavits on that subject were conflicting, there was no abuse of discretion in refusing to grant the injunction *ad interim.*
2. Where a homestead was sold under tax *fi. fas.* against the head of a family, and at the time of the sheriff's sale and throughout the period allowed by law for the redemption of the property, he was in jail and in the penitentiary, his wife, who was a beneficiary of the homestead estate, could tender the money necessary to redeem the property, and upon its tender in proper time, the purchaser would be bound to receive it and return the land.
3. A homestead is liable to be sold under *fi. fas.* against the head of the family for all his taxes of every kind and description.

February 24, 1888.

Homestead. Husband and wife. Tax. Before Judge FORT. Sumter superior court. April adjourned term, 1887.

Reported in the decision.

J. A. ANSLEY, GUERRY & SON and L. F. McCOY, for plaintiff in error.

E. G. SIMMONS, for defendant.

BLANDFORD, Justice.

This was a bill to enjoin Sheppard from turning out the wife of Lamar from the possession of a certain tract of land. It appears, from the allegations in the bill and the facts in proof, that this land had been set apart as a homestead to Lamar as the head of a family; and that it was afterwards levied upon under two tax executions against Lamar, and sold at sheriff's sale to Sheppard for $15.00. It is contended by the plaintiffs in error that after Sheppard bought the land, and within the time prescribed by law, the amount of money required to redeem the land was tendered to Sheppard, and that Sheppard refused to receive the amount tendered and allow them to redeem. This was denied by Sheppard. Contradictory affidavits on the part of Lamar and Sheppard were read to the court. Under the circumstances, the court refused an injunction, and this is excepted to by the plaintiffs in error.

1. We do not think the court violated his discretion in refusing the injunction. It was in his discretion, under the facts, to have granted or refused it, and we are not disposed to interfere with the exercise of his discretion in this case. The case is still pending, and if, on the trial, it can be shown that the money was tendered and refused, as contended by the plaintiffs in error, then the injunction can be granted in the final decree. The plaintiffs in error have a right to amend their bill in the court below, and

allege any other facts which will make a case authorizing a perpetual injunction.

2. We think the wife could properly tender the money under the circumstances alleged in the bill. At the time of the sheriff's sale of the property, and throughout the period allowed by law for the redemption of the property, the defendant was in jail and in the penitentiary. His wife was a beneficiary under their homestead estate, and we think she could tender the money. If she did tender it, Sheppard ought to have taken it and given back the land.

3. It was contended here that the homestead estate was not liable for the taxes of Lamar, the head of the family. This was preposterous, because the constitution and the laws of the State expressly declare that the land shall be subject to taxes. The *fi. fa.* was against the head of the family; it was his property, and is his property yet; the title is in him, and it is liable for all of his taxes of every kind and description whatever.

Judgment affirmed.