TATUM *v.* THE TOWN OF TRENTON.

Where one voluntarily and not under compulsion paid money to the board of commissioners of a town for a license to retail liquors, and was subsequently indicted and convicted of illegal retailing, he could not recover the money he had so paid; although he did so in good faith, believing and being assured by the commissioners that they had full power and authority to issue the license.

May 7, 1890

Tax. License. Liquor. Before Judge MILNER. Dade superior court. September term, 1889.

Reported in the decision.

R. J. McCAMY, for plaintiff.

McCUTCHEN & SHUMATE, for defendant.

SIMMONS, Justice.

Tatum, desiring to retail spirituous liquors in the town of Trenton, and believing that the board of commissioners of said town had full power and authority to grant him a license so to do, and fix and regulate the price thereof, and being assured by said board that they had such power and authority, applied to and obtained from the board a license to retail spirituous liquors in the town of Trenton in 1883, in 1884, and in 1885, paying to said board of commissioners for

the three years $650.00. In the year 1885 he was indicted and convicted for retailing spirituous liquors without a license, the trial court holding that the board of commissioners of said town of Trenton had no power or authority to grant him a license to retail spirituous liquors. He brought his case to this court, and the judgment of the trial judge was affirmed. *Tatum* v. *State*, 79 *Ga.* 176. He thereupon brought suit against the town of Trenton to recover the money paid by him to said town for license. Upon the trial of the case he introduced in evidence the licenses granted to him, to prove that he had paid the amount sued for; put in the indictment found against him, and the verdict of guilty, together with the sentence of the court. He testified that he applied to the commissioners of Trenton for license in good faith, believing they had the right and authority to issue said license, and paid the amount they required; that the commissioners claimed to have the right to issue said license, and he thought they did; that he sold whiskey under the license in evidence, and was not disturbed while so doing by the town authorities, but stopped selling when he was convicted. Plaintiff having closed his case, defendant moved for a nonsuit, which was granted, and Tatum excepted.

There was no error in granting the nonsuit under the facts disclosed by this record. It was ruled by this court, in the case of the *First National Bank of Americus* v. *Mayor, etc.,* 68 *Ga.* 119, that "Three elements are essential, and must concur, to sustain an action to recover back money on the ground of the illegality of the tax : (1) the authority to levy the tax must be *wholly wanting;* (2) the money sued for must have been *actually received* by the defendant corporation ; (3) the payment of the plaintiff must have been made upon *compulsion,* to prevent the *immediate seizure of his goods* or

the *arrest of his person,* and not voluntarily made."
Judge Cooley, in his work on Taxation (2d ed., p. 809),
says : "That a tax voluntarily paid cannot be recovered
back, the authorities are generally agreed.   And it is
immaterial in such a case that the tax has been illegally
laid, or even that the law under which it was laid was
unconstitutional.   The principle is an ancient one in
the common law, and is of general application.   Every
man is supposed to know the law, and if he voluntarily
makes a payment which the law would not compel him
to make, he cannot afterwards assign his ignorance of
the law as the reason why the State should furnish him
with legal remedies to recover it back.   Especially is
this the case when the officer receiving the money, who
is chargeable with no more knowledge of the law than
the party making payment, is not put on his guard by
any warning or protest, and the money is paid over to the
use of the public in apparent acquiescence in the justice
of the exaction."   The plaintiff in this case failed to
show one of the essential elements, to wit, that he had
paid the license or tax under compulsion; but on the
contrary, he showed by his own testimony that the pay-
ment was made voluntarily by him.   This being true,
under these authorities, the court was right in granting
a nonsuit.

The case of *Callaway* v. *Mayor, etc. of Milledgeville,*
48 *Ga.* 309, relied upon by the plaintiff in error, we
think has been virtually overruled in the case of *The
Commissioners of Thomson* v. *Norris,* 62 *Ga.* 538, and in
the case of *McGehee & Hatcher* v. *Mayor, etc. of Colum-
bus,* 69 *Ga.* 581.                    *Judgment affirmed.*