## PEYTON V. HOT SPRING CO.

Decided May 10, 1890.

*Prohibition—Revocation of license—No apportionment of tax.*

Where a petition for the prohibition of the sale of intoxicating liquors within certain limits, under the "three-mile law" (Mansf. Dig., sec. 4524), is denied by the county court and on same day a license to retail liquors at a place within such limits is granted, and subsequently, upon appeal to the circuit court, the prohibitory petition is sustained, the licensee who thereupon desists from the sale of liquors, cannot recover from the county so much of the tax as is proportioned to the remainder of his unexpired license, whether such license was revoked by the judgment or not.

APPEAL from *Hot Spring* Circuit Court.

J. B. WOOD, Judge.

*Cohn & Cohn* for appellant.

1.    The license to Peyton was not a contract, but a temporary permit to do what otherwise was an offense. 61 Iowa, 672; 17 N. W. Rep., 47; 34 N. Y., 657; 5 Gray, 597; 103 Mass., 70; 35 Ark., 414, 424; 12 Tex. App., 541, 549; Burroughs, Tax., sec. 78; 2 Bouv. L. D., "License." Ap-

pellant was personally bound by the judgment. McCullough, *ex parte*, 51 Ark., 159; 10 S. W. Rep., 259. The effect of the judgment was to vitiate and set aside the order of the county court, and thus annul his license. 40 Ark., 290, 297; Freeman on Judg., sec. 481.

2. The sum paid for license was a tax and should have been refunded. Mansf. Dig., secs. 5857-8, ch. 129; Mansf. Dig., sec. 5592 as amended by Acts 1887, p. 205, and sec. 5596; 2 Ark., 291; 13 Ark., 752; 27 Ark., 625; 44 Ark., 139; Burroughs on Tax, sec. 80; 48 Ga., 309; 20 N. W. Rep., 26; 1 Ohio St., 21.

HUGHES, J. On the 2d day of January, 1888, a license was granted appellant by the county court of Hot Spring county to sell liquors in less quantities than a quart.

On the same day, a majority of the adult inhabitants living within three miles of the M. E. Church South, at Donaldson, in said county, presented a petition to the county court of said county, asking that the sale or giving away of liquors within three miles of said church be prohibited by order of said court, as contemplated by the "three-mile law." The prayer of the petitioners was denied, and upon appeal to the circuit court taken on the 3d of January, 1888, the prayer of the petition for prohibition was sustained, and it was adjudged by the circuit court that it should thereafter be unlawful for any one to sell or give away any liquor, or compounds thereof, within the territory covered by appellant's license, and the county court was required to enter such judgment as the judgment of that court. Appellant and one Wilson, who had resisted the petition for prohibition, were adjudged to pay the costs. They prayed, but did not prosecute, an appeal from said judgment.

After said order was entered by the county court, appellant abandoned the sale of liquors under the license, and made application by petition to the county court to recover the sum

paid by him for his license, and, this being denied, he appealed to the circuit court, which also refused his petition, whereupon, after the motion for new trial was overruled, he appealed to this court.

No apportion-
ment of license
tax.

The payment of the license tax was legal, when made by appellant, and was voluntary on his part. If the effect of the judgment of the circuit court upon the petition for prohibition did not annul and revoke his license, he was not injured, and could not recover the amount paid therefor. If his license were annulled and revoked by said judgment, there is no authority in the statute for apportioning the amount of the license tax according to the time that appellant sold under the license. When the license was granted and accepted by him, the law authorized the county court, upon proper petition, to do what was afterwards done, and he is presumed to have known this, and to have taken the risk of this being done.

Under the provisions of the statute, license may be obtained to sell liquors for a period less than a year, but the licensee must pay the license tax for a full year. Secs. 4508, 4510, 4514, Mansf. Dig.

The judgment of the circuit court is affirmed.