LITTLE and others, Appellants, vs. EDWARDS and another, Respondents.

*March 24 — April 11, 1893.*

*Tax deed executed before right of redemption expired: Conveyance to grantee by life tenant: Extinguishment of tax lien: Rights of remainder-men.*

1. Under ch. 89, Laws of 1868, a tax deed of land of which a widow was tenant for life, executed within the five years during which she had the right to redeem, gave to the grantee no title or constructive possession as against her. In legal effect it was the same, as to her, as though he continued to hold merely the tax certificate.

2. A subsequent warranty deed from the widow to the grantee in the tax deed conveyed to him her life estate only, and charged him with her duty of paying the taxes. His acceptance of such deed therefore operated as a redemption from or extinguishment of his tax lien.

3. A subsequent conveyance of the land by such grantee was, in effect, a mere transfer of his tenancy for the life of the widow, and the rights of his grantees ceased upon her death.

APPEAL from the Circuit Court for *Ashland* County.

This is an action of ejectment, commenced in January, 1891. The complaint is in the statutory form. The defense is under a tax title and the statutes of limitation.

The lands in question were entered by Albert A. Little, May 20, 1856, and on June 10, 1858, he obtained a patent therefor. On September 12, 1866, he died intestate, leaving him surviving a widow, Margaret Little, and brothers and sisters, but no issue nor parents. On June 20, 1871, one Edward Ellis wrote the said Margaret, seeking to obtain from her and the said sisters of said Albert A., a deed of said premises. On November 4, 1871, the said Ellis obtained a tax deed of said premises — and the same was recorded on that day — for the taxes of 1867 and the sale of 1868. No notice of the taking of said deed, nor affidavit of the publication thereof or posting said notices, was

on file in the office of the county clerk, for the said tax sale. On November 8, 1871, the said Margaret Little executed and delivered to said Ellis a warranty deed of said premises, and the same was recorded December 26, 1871. On January 2, 1888, the said Ellis and wife conveyed said premises, by warranty deed, to the defendants. On March 1, 1890, the said Margaret died, leaving no issue. Said land was vacant and unoccupied from November 4, 1871, until 1873. From that year to 1886 the said Ellis cut and removed from said premises, from time to time, timber and cord wood. No other acts of occupancy occurred until 1886, since which time the said premises have been in the actual occupancy of the defendants.

At the close of the trial the jury returned a special verdict of the facts, substantially as stated above, and also that the plaintiffs in this action are the sole surviving heirs at law of the said Albert A. Little, deceased. Upon said verdict the court ordered judgment to the effect that the plaintiffs were not the owners of said premises, but that the defendants were, and entitled to continue in the possession thereof, and ordered judgment accordingly. From the judgment entered accordingly the plaintiffs appeal.

For the appellants there were briefs by *Tomkins & Merrill*, and oral argument by *W. M. Tomkins*.

For the respondents there were briefs by *Lamoreux, Gleason, Shea & Wright*, and oral argument by *C. A. Lamoreux* and *E. F. Gleason*.

CASSODAY, J. As indicated in the foregoing statement, Albert A. Little died intestate, seised in fee of the lands in question, September 12, 1866. As he left no issue nor parent, and as the law then stood, the title to the premises thereupon descended to his widow during her natural lifetime, and after her decease to his brothers and sisters,— the plaintiffs in this action. Subd. 2, 3, sec. 1, ch. 92, R. S.

1858. The widow thereupon became a tenant for life of the premises. Being such tenant, it became her duty to such heirs at law to pay the taxes on the land. She failed to pay the taxes for the year 1867, and hence the land was sold for taxes in 1868; and the tax deed under which the defendants claim title was executed and recorded November 4, 1871. As such " widowed woman," she had the right to redeem from such tax sale " at any time within *five years* after such sale." Ch. 89, Laws of 1868; sec. 155, ch. 18, Tay.·Stats.; secs. 1181, 1191, 1208, R. S. Her right to redeem, therefore, had she not conveyed, would not have expired until the spring of 1873. The result was that the tax deed to Ellis, November 4, 1871, gave him no title nor constructive possession as against the widow. In legal effect it was the same, as to her, as though he had taken no tax deed but simply held the tax certificate at the time she conveyed to him by warranty deed, November 8, 1871. That deed simply conveyed to Ellis the widow's life estate in the land. He thereby became a tenant of the land during her life, charged with the duty to the plaintiffs of paying the taxes thereon during that period. The acceptance by Ellis of that deed from the widow necessarily operated as a redemption from, or extinguishment of, his tax lien. The widow did not die until March 1, 1890, and hence the conveyance from Ellis and wife to the defendants, January 2, 1888, was, in effect, a mere transfer from him to them of such tenancy during her life. Of course, such tenancy terminated upon her death; and hence, at the time of the commencement of this action, upon the undisputed evidence, the defendants held possession without any color of right.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with direction to enter judgment upon the special verdict in favor of the plaintiffs and against the defendants, and for further proceedings according to law.