R. ODENDAHL *et al.*, Appellants, v. THOMAS RICH, CHRIS GRUBE, A. C. STEELE, D. W. EARL AND RICHARD BOOTH as members of the Board of Supervisors of Carroll County, Iowa, and UBO ALBERTSON, as Treasurer of Carroll County, Iowa.

**Recovery of Taxes:** VOLUNTARY PAYMENT. Where plaintiff voluntarily paid taxes on certain land in the district of C., during the pendency of proceedings to have such land put in the township of G., in which proceedings plaintiff was successful, he could not thereafter recover the taxes so paid, on the ground that they were excessive, in being more than they would have been had the lands been taxed in the township of G.; there being no claim that they were illegal.

*Appeal from Carroll District Court.*—HON. S. M. ELWOOD, Judge.

MONDAY OCTOBER 15, 1900.

ACTION at law to recover taxes illegally collected by the treasurer of Carroll county.   Judgment for defendants. Plaintiff appeals.—*Affirmed.*

*F. M. Powers* and *J. P. Conner* for appellant.

*Salinger & Korte* for appellees.

SHERWIN, J.—The plaintiff, and those from whom he holds assignments, were the owners of lands situated within the independent district of Carroll, in Carroll county.   In 1887 and 1888 they attempted to have the territory embracing their land put into the district township of Grant. In this they failed and afterwards brought an action to compel this transfer thereto, which was prosecuted to a successful termination in September, 1895.   During the intervening time the land was assessed as belonging to the independent district of Carroll.   The taxes levied thereon

were paid, and this action is to recover the amount paid in excess of what would have been required had the land been transferred to the district township of Grant and assessed as a part thereof. The defendants demurred to the petition, putting in issue the statute of limitations. and the general right of the plaintiff to recover under the facts alleged. The question as to whether the taxes were paid under protest was made a distinct issue, not covered by the demurrer, and was tried as one of fact by the court. The demurrer was sustained generally, and the finding of fact by the court was against the plaintiff.

The land in question was subject to taxation somewhere. It could make no possible difference to the owners whether it was taxed in the independent district of Carroll or in the district township of Grant, if the rate of taxation had been the same in both. Complaint was made that it was burdened with a larger tax by its location in the former district. The taxes levied and collected were not illegal. The most that can be said is that they were excessive, and this was what was continually claimed by the plaintiff and his assignors.

The question as to whether voluntary payment of the taxes levied was made was determined by the district court adversely to plaintiff, after hearing the testimony on this branch of the case. This finding was fully justified by the evidence. This case, then, is clearly within the rule governing the voluntary payment of taxes, and the plaintiff, having failed to prove that they were not so paid cannot recover. *Lindsey v. Boone County,* 92 Iowa, 86; *Espy v. Town of Fort Madison,* 14 Iowa, 226; Cooley, Taxation, 809; 18 Am. & Eng. Enc. Law, 220. Several other questions arising under the ruling on the demurrer, and involving the statute of limitations, are argued, but, as the views presented above dispose of the case, we do not discuss them. —AFFIRMED.

GRANGER, C. J., not sitting.