HOFFMAN, Appellant, vs. PETERSON and another, Respondents.

*December 17, 1904—January 10, 1905.*

*Tax deeds: Redemption by minor after attaining majority: Statutes: Construction: "Other person:" Action to set aside tax deed after redemption: Counterclaim.*

1. Under sec. 1165, Stats. 1898 (providing that the owner or occupant of any land sold for taxes or other person may, at any time within three years from the date of the certificate of sale, redeem the same or any part thereof), and sec. 1166 (providing that the lands of minors or any interest they may have in lands sold for taxes may be redeemed at any time before such minors come of age, and during one year thereafter), the right of redemption given to a minor is not impaired by the fact that a tax deed has been issued before the actual redemption.

2. The words "other person" in sec. 1165, Stats. 1898, enable those whose rights would be directly prejudiced by the absolutism of the tax title to redeem therefrom, though they may be neither owners nor occupants.

3. In an action for trespass for wrongfully cutting timber, plaintiff's title was based on a tax deed issued in 1896 on the tax sale of 1893. At those dates the property belonged to a minor who attained his majority April 21, 1901. The minor conveyed the premises by warranty deed to defendants in November, 1901, and redeemed from such tax sale March 8, 1902. *Held,* that the right of redemption existed in such minor when he exercised it.

4. Where lands are vacant and unoccupied it is not necessary for one redeeming, after a tax deed has been recorded, to commence an action to set aside that deed before he can exercise his rights of ownership.

5. In such case, the tax deed, upon the act of redemption within the right preserved by law, becomes wholly void and of no effect.

6. Under sec. 1189, Stats. 1898 (providing that the statutory limitation on bringing any action after three years from the recording of the tax deed, or any other limitation in favor of a tax deed or a tax certificate, except in case of actual possession founded on a tax deed, shall not apply where the taxes, for the nonpayment of which the lands were sold and the tax deed executed, were paid prior to the sale, or where the land was re-

deemed from operation of such sale as provided by law, or where the land was not liable to taxation), there is nothing after redemption, within the rights preserved by law, which *precludes the holder of the legal title from regaining actual possession, either by taking it in the case of vacant and un-occupied land, or by bringing action, within the period of the general statutes of limitation, in case the tax-deed claimant is in actual occupancy.

7. Although no action on the part of an owner who has lawfully redeemed from a tax sale is necessary to enforce possession and ownership, the act of the holder of a recorded tax deed in bringing an action of trespass against the owner, basing his right on such tax deed, constitutes such an apparent cloud, and such setting up of a claim to the land, as enables such owner by counterclaim in that action to have the title quieted in him.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Action for trespass in wrongfully cutting timber on certain vacant and unoccupied land in Outagamie county. The answer and counterclaim set up, and the court finds, that plaintiff's title is based on a tax deed issued in 1896 upon the sale of 1893 for unpaid taxes of 1892. The property belonged to Adolph Johnson in his lifetime, who died in 1887, leaving Albert Johnson, a minor, his sole heir at law. The latter attained his majority on April 21, 1901, and March 8, 1902, within one year thereafter, paid to the county clerk, as in redemption of said taxes, the proper sum, and received due and formal redemption receipt and certificate. In November, 1901, Albert Johnson conveyed the premises by warranty deed, through and under which the defendants claim title. The court concluded, as matter of law, that the land was duly redeemed from said tax sale; that plaintiff's deed thereby became void; that defendants, at the time of the trespass and at the time of the judgment, were owners in fee simple, and were entitled to judgment dismissing the complaint and canceling plaintiff's tax deed. From judgment in accordance with these conclusions, plaintiff appeals.

For the appellant there was a brief by *McManamy & Mc-Manamy,* and oral argument by *F. V. McManamy.*

*C. D. Cleveland, Jr.,* for the respondents.

DODGE, J.   Plaintiff denies the right of a minor to redeem from a tax sale after the deed has been issued.   Sec. 1165, Stats. 1898, provides:

"The owner or occupant of any land sold for taxes or other person may, at any time within three years from the date of the certificate of sale, redeem the same or any part thereof."

Sec. 1166, Stats. 1898, provides:

"The lands of minors or any interest they may have in lands sold for taxes may be redeemed at any time before such minors come of age and during one year thereafter."

It is difficult to discover in these statutes any such limitation as that for which appellant contends.   It is lands "sold for taxes" which may be redeemed, and it would constitute legislation, rather than construction, to insert into these express and unambiguous statutes a condition that the redemption take place before the issue of the deed, and would, in our opinion, in large measure, thwart the beneficent purpose of sec. 1166, to preserve to minors their lands during their nonage against the drastic forfeiture imposed by our laws for the collection of taxes upon real estate.   That no such limitation was, indeed, contemplated by the legislature, is evinced by sec. 1176, which, in defining the character of title conferred by a tax deed, recognizes that in some cases a right of redemption persists beyond its issue and delivery.   The right of redemption after the issue of a deed by a minor or other person has apparently never been questioned before this court. The cases cited by the appellant declaring the impregnable character of a tax deed after three years from its record were all decided with reference to fee owners of full age, to whom a right of redemption is given by the statutes only prior to the issue and record of the deed.   On the other

hand, in numerous cases, the fact that the tax certificate had ripened into a tax deed was assumed to be no obstacle to redemption, although, no question being raised, there was no discussion of the subject. *Jones v. Collins,* 16 Wis. 595; *Wright v. Wing,* 18 Wis. 45; *Eaton v. Tallmadge,* 24 Wis. 217, 222; *Dayton v. Relf,* 34 Wis. 86; *Tucker v. Whittlesey,* 74 Wis. 74, 84, 41 N. W. 535, 42 N. W. 101; *Little v. Edwards,* 84 Wis. 649, 55 N. W. 43. We therefore conclude that the right of redemption given to a minor by sec. 1166 is not impaired by the fact that a deed has been issued.

The next question in order is whether the minor in this case had any such interest, after executing and delivering his warranty deed, as would entitle him to redeem. The statutes above mentioned give this right of redemption not only to the owner and occupant, but "other person." In this respect they are broader in terms than those of many other states. Nevertheless it has been held that a mere stranger has no right of redemption, and therefore an attempt on his part to exercise it by paying money to the county clerk is futile. *Cousins v. Allen,* 28 Wis. 232; *Rutledge v. Price Co.* 66 Wis. 35, 27 N. W. 819. The right of redemption, especially in minors, is highly favored, and statutes conferring it have always been accorded liberal construction. *Jones v. Collins,* 16 Wis. 594; *Dubois v. Hepburn,* 10 Pet. 1. Hence we have no doubt that the words "or others," in sec. 1165, are to be given such construction as will enable those whose rights would be directly prejudiced by the absolutism of the tax title to redeem therefrom, though they be neither owners nor occupants. The right has been recognized in favor of those having mere moral beneficial interest under void parol trust (*Karr v. Washburn,* 56 Wis. 303, 14 N. W. 189; *Begole v. Hazzard,* 81 Wis. 274, 51 N. W. 325); an administrator, though without title, and without any showing that the land was necessary for debts (*Bowers v. Williams,* 34 Miss. 324); or a wife having mere inchoate homestead interest (*Lamar v.

*Sheppard,* 80 Ga. 25, 5 S. E. 247). Just what interest or title to the land rests in one specially privileged to redeem after issue of tax deed is thrown in some measure of doubt by remarks made *arguendo* in *Wright v. Wing, supra,* and *Little v. Edwards, supra.* In the former it is said such person has no present interest in the land; the title being vested in the grantee of the tax deed, subject to right of redemption, a mere privilege. In the latter, referring to a situation under the absolute five-year period of redemption then existing in favor of "widowed women" (ch. 89, Laws of 1868), it was intimated that a tax deed during the five years gave the grantee no greater rights of possession than would a tax certificate. The former view certainly seems more consonant with sec. 1176, which, in terms, at least, so declares. It is not, however, very material to the present consideration whether merely a privilege, or both a privilege and a title, persists in a minor after issue of tax deed to his lands. The privilege certainly does persist, and, beyond any question, is a personal privilege, which cannot be conveyed to another, and upon which no attempted conveyance of the land can have any effect. We are persuaded that the true policy of our statutes is that this privilege shall be enjoyed by the minor throughout the full statutory term, if the minor's interests may be subserved or protected thereby, though it may not be exercised if of no possible benefit to the minor. *Cousins v. Allen, supra.* In the present case, by warranting title to his grantees, Albert Johnson continued to have the same interest in the redemption of the land as if he had made no deed at all. If denied that right, his pecuniary loss is the value of the land, as measured, at least, by the price for which he was able to sell it. In this situation, we are convinced that right of redemption existed in him in March, 1902, when he exercised it.

The further question is raised by the appellant—whether it is not necessary for one redeeming after a tax deed has been recorded to commence some action to set aside that deed be-

fore he can treat the land as his own.    Whatever necessity
there may be in case the grantee in the tax deed be actually
in possession of the real estate is immaterial here, for the land
is vacant and unoccupied, and no action could be brought,
based upon plaintiff's possession, except upon the theory of
constructive possession resulting from the record of his tax
deed.    This deed, upon the act of redemption within the right
preserved by law, became wholly void and of no effect.
*Wright v. Wing,* 18 Wis. 45 ; *Little v. Edwards,* 84 Wis. 649,
55 N. W. 43; Blackwell, Tax Tit. § 701.    It no longer had
the force accorded such deeds by sec. 1176, but was entirely
deprived of effect, except as it constituted a cloud upon the
defendants' record title as that appeared in the registry of
deeds, requiring reference to the records of the county clerk
or treasurer to disclose the invalidity of the deed.    There
being no actual possession, there was nothing to preclude the
true owner from entering upon the premises, occupying them,
or exercising other acts of possession or ownership over them.
Hence no action needed to be brought as a preliminary to the
exercise of such rights, and this action for trespass against the
parties holding such real title must fail.

The statute of limitations denying any action after three
years from the recording of the tax deed, as, indeed, all other
special statutes of limitation, is wholly without application
after redemption, by virtue of sec. 1189, which provides:

"Nor shall such limitation nor any other limitation in favor
of a tax deed or a tax certificate, except in case of actual pos-
session founded on a tax deed, apply where the taxes, for the
non-payment of which the lands were sold and the tax deed
executed, were paid prior to the sale, or where the land was
redeemed from the operation of such sale as provided by law
or where the land was not liable to taxation."

Hence there was nothing in the lapse of a year or two after
the redemption which could preclude the holder of the legal
title from regaining actual possession, either by taking it in

the case of vacant and unoccupied land, or by bringing action in case the tax-deed claimant were in actual occupancy.

Notwithstanding that no action was necessary to enforce possession and ownership of the premises, however, both the existence of the tax deed on the record, and the act of plaintiff in bringing this action, constituted such an apparent cloud and such a setting up of a claim to the land as would enable the defendants to maintain an action under sec. 3186 to quiet their title; and such action, is, in substance, brought by the counterclaim in defendants' answer praying judgment canceling the tax deed.

From the views thus expressed, we must conclude that the land in question was lawfully redeemed from plaintiff's tax claims upon it in March, 1902; that thereafter he had no rights whatever therein to sustain his action of trespass, but that his tax deed, and declared claim thereunder, entitle defendants to have the same adjudged invalid.

*By the Court.*—Judgment affirmed.