JOHN AHLERS, Appellant, v. CITY OF ESTHERVILLE, IOWA.

Intoxicating liquors: PAYMENT OF TAX: MISTAKE OF FACT. One who voluntarily pays a mulct tax, without ascertaining whether the required general statement of consent had been filed authorizing him to operate a saloon, cannot recover back the tax on the theory that it was paid under a mistake of fact.

*Appeal from Emmet District Court.*— HON. A. D. BAILIE, Judge.

THURSDAY, JULY 13, 1905.

REHEARING DENIED MARCH 20, 1906.

ACTION to recover amount paid defendant city as mulct tax. The petition was dismissed, and plaintiff appeals.— *Affirmed.*

*Myerly & Davidson,* for appellant.

*J. W. Morse, D. R. Alexander,* and *Byron M. Coon,* for appellee.

LADD, J.— The plaintiff engaged in the business of selling intoxicating liquors in the city of Estherville November 3, 1899. All the conditions of the mulct law were complied with, save that requiring a general statement of consent, and a finding of its sufficiency by the board of supervisors, in conformity with sections 2448 and 2450 of the Code. A statement, sufficient as the law then stood, had been filed in 1894, but no action had been taken subsequent to the going in effect of the Code, October 1, 1897. The opinion in *West v. Bishop,* 110 Iowa, 410, deciding that statements filed before the adoption of the Code furnished no protection, was filed January 29, 1900, and plaintiff ceased busi-

ness 82 days after he had opened his saloon.   In the mean-time he had paid the defendant city $700 in taxes exacted by an ordinance enacted in 1894 under the provisions of chapter 62, page 63, Acts 25th General Assembly.   The demand for the return of this money in this action is based on an alleged mistake of fact; i. e., that plaintiff was informed that a statement of consent had been filed and canvassed by the board of supervisors, and that he paid the money in reliance thereon.   The evidence shows that plaintiff based this supposition on the fact that other saloons were being operated, and not on any representations made by the officers of the defendant.   He talked with one Houlthouser, but that was several days after he had begun business, and then all the latter said was that seventeen more than the necessary sixty-five per cent. of the electors had signed the statement of consent.   The time was not mentioned.   No one represented to him that the board of supervisors had canvassed the statement or made a record of its findings, nor did he take the trouble to ascertain.   He merely " supposed it was all right," without resorting to the public records for information.   Mistakes of fact may sometimes result from a misconception of the law, as contended by appellant, when equity will grant relief as in other cases.   *Baker v. Massey,* 50 Iowa, 399; *Gerdine v. Menage,* 41 Minn. 417 (43 N. W. 91); *Hemphill v. Moody,* 64 Ala. 468; *Morgan v. Bell,* 3 Wash 554 (28 Pac. 925, 16 L. R. A. 614).   But this was not such a mistake.   One cannot well be mistaken as to a fact he has known nothing of, and to which he has given no consideration.   The inference reasonably to be drawn from the record is that plaintiff, with many others, acted in reliance on the efficacy of the statement of consent filed prior to the taking effect of the Code; and the mistake, if any there was, was in not knowing that a new statement of consent, with a recorded finding of its sufficiency by the board of supervisors, was essential as a condition precedent to the sale of intoxicating liquors under the protection of the mulct

law. This, however, was not a mistake of fact, either as such, or arising out of a misconception of the law, but purely a mistake of law, and it is well settled that taxes voluntarily paid on a mistake of law cannot be recovered. *Kraft v. City of Keokuk,* 14 Iowa, 86; *Northwestern Union Packet Co. v. City of Muscaline,* 45 Iowa, 185; *Hawkeye L. & B. Co. v. City of Marion,* 110 Iowa, 468; *Newcomb v. City of Davenport,* 86 Iowa, 291; *Odendahl v. Rich,* 112 Iowa, 182; *Tatum v. Town of Trenton,* 85 Ga. 468 (11 S. E. 705); *Peyton v. Hot Springs County,* 53 Ark. 236 (13 S. W. 764); *Johnson v. Atkins,* 44 Fla. 185 (32 South. 879). See *Rutledge v. Price Co.,* 66 Wis. 35 (27 N. W. 819).

That it was a tax, see section 2455, Code; *Newton v. McKay,* 130 Iowa, 596.

The suggestion that a different rule prevails in equity is unfounded.

Our conclusion that plaintiff is not entitled to relief on this ground renders it unnecessary to consider other questions argued.— *Affirmed.*