JULIA M. GOODMAN v. JAMES P. WILSON *et al.*

LAND SOLD FOR TAXES, *Action to Recover—Limitation—Infancy.* The limitation of the tax law providing that an action against a tax purchaser for the recovery of land sold for taxes must be brought within five years from the time of recording the tax deed, and not thereafter, is not modified or limited by the code provision which permits the bringing of an action by an infant within two years after the disability of infancy is removed.

*Error from Jefferson District Court.*

ACTION by *Goodman* against *Wilson* and others to recover certain land. Judgment for defendants. Plaintiff brings the case here. The material facts appear in the opinion herein, filed March 9, 1895.

*John C. Douglass,* for plaintiff in error.

*Keeler & Welch,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: Julia M. Goodman brought this action against the defendants to recover a quarter section of land in Jefferson county, and the rents and profits of the same from March 1, 1885, to December 8, 1887, alleged to be of the value of $2,000. The answer of the defendant was a general denial, and that they were in possession under a tax deed good upon its face, and which had been recorded more than five years before the commencement of the action. They, therefore, claimed that the action of the plaintiff was barred by the statute of limitations. At the trial, it was shown that the plaintiff's title was derived through a conveyance made to her on November 5, 1887, by Willard R. Douglass, and that, in April, 1874, Douglass acquired his title to the land, and continued to own it until he conveyed it to plaintiff, unless it had been divested by the tax title under which defendants claim. Douglass was a minor until December 22, 1886, when he became 21 years of age. It was further shown, that the tax deed, under which the defendants claim title and held possession, was good upon its face, and was duly recorded in August, 1880, while the action was not commenced until december 8, 1887. The court below found that the defendants' tax deed, while good upon its face, would be voidable if it had been attacked within five years of the time it was recorded, but evidence outside of the face of the deed tending to show invalidity was refused, and judgment given for defendants.

From the facts in the case, it is plain that the cause of action is barred, under § 141 of the tax law. It provides that a suit or proceeding against the tax purchaser for the recovery of land sold for taxes, except where the taxes have been paid or the land redeemed, must be commenced within five years from the time of recording the tax deed. The plaintiff attempts to parry the force of the objection by the claim that the statute did not run because of the infancy of her grantee. The plaintiff was not under the disability of infancy, and even her grantee, Douglass, brought no action, al-

though the title was in him for about one year after he reached majority; but if the privileges of infancy were conceded to be transferable, the bar in this case must be held to be complete. It is conceded that § 141 of the tax law makes no exception of persons under the disability of infancy. But the contention is, that this provision is modified and controlled by § 17 of the code of civil procedure, which authorizes the bringing of an action for the recovery of real property by one under legal disability when the cause of action accrues within two years after the disability is removed. This identical question has been decided adversely to the contention of the plaintiff in error. In *Cartwright v. Korman*, 45 Kas. 515, it is expressly decided that the limitation of the tax provision is not modified or limited by § 17 of the civil code, nor are persons who are under disability excepted from its operation. See, also, *Beebe v. Doster*, 36 Kas. 666; *Edwards v. Sims*, 40 id. 235. We see no reason to reopen the question or to disturb the ruling which has been made. The judgment of the district court will be affirmed.

All the Justices concurring.