HATTIE R. DOUGLASS v. JAMES H. LOWELL et al.

1. TAXES — Sale of Land — Admissions in Pleadings. In an action of ejectment under § 595 of the civil code, the defendants set up in their answer, among other things, that the land was subject to taxation for 1874, and, the taxes duly assessed and levied thereon being delinquent for that year, the same was duly sold at tax sale therefor in 1875 on which sale a deed was duly executed to the defendant, M.; and allegations of a similar nature were made as to the taxes of 1882, and the plaintiff by her reply admitted that the land was subject to taxation for 1874 and 1882; that it was sold for said taxes, and that deeds were issued on said sales, and denying generally all other averments, held, that notwithstanding said admissions, the plaintiff had a right to assail and avoid said tax deeds by showing that illegal taxes were included therein, and that the land was not duly sold, and therefore the defendants were not entitled to judgment in their favor on the pleadings.

2. ———— Redemption by Minor. Where lands owned by a minor under an unrecorded deed were sold in 1875 for the taxes of 1874, and said deed was recorded in 1877, and the tax deed was issued and recorded in 1878, held, that such minor is not cut off by § 21, chapter 22, General Statutes of 1868, relating to conveyances, from redeeming the land, nor from asserting her right thereto by action in due time.

3. INTEREST — How Computed. Under § 105 of the tax law of 1868, providing for the redemption of land from tax deed by minors, interest must not be computed on the several payments to the date of the deed, and the amount taken as a new principal on which to reckon interest thereafter; but interest must be calculated upon each payment from its date up to the time of redemption.

4. ———— Limitation of Action. Except where the taxes have been paid or the land redeemed, § 141 of the tax law of 1876, (Gen. Stat. of 1889, ch. 107,) limits the right of action against the holder of a tax deed for the recovery of the land to five years from the recording of the tax deed, and this time is not extended by reason of the minority of the plaintiff; but where such minor plaintiff has offered to redeem, and made a sufficient tender therefor within five years next before the commencement of her action, such minor is not too late, and she is also entitled to the benefit of the one year saving clause provided for by § 23 of the code.

*Error from Jackson District Court.*

ACTION of ejectment by *Hattie R. Douglass* against *James H. Lowell* and others. Judgment for defendants. The plaintiff brings the case to this court. The material facts are stated in the opinion herein, filed July 6, 1895.

*John C. Douglass*, for plaintiff in error.

*James H. Lowell*, and *Hayden & Hayden*, for defendants in error.

The opinion of the court was delivered by

MARTIN, C. J.: This was an action of ejectment commenced March 5, 1890, by the plaintiff in error for the recovery of the northeast quarter of section 33, township 8, range 16, together with rents and profits. It was alleged in the petition that a prior action had been commenced on June 10, 1887, by the plaintiff for the recovery of the same land from the same defendants, except G. L. Reid, and that said action was dismissed by her without prejudice on March 22, 1889. The defendants, including G. L. Reid, filed a joint answer in the present action, alleging numerous defenses, the second being to the effect that the plaintiff's only claim of title was by a tax deed to John C. Douglass and a deed of John C. Douglass and wife to the plaintiff, made without consideration, and with the fraudulent intent to hinder and delay the collection of the taxes assessed against the land, and to frustrate the due execution of the laws providing for the assessment and collection of taxes; and that said tax deed was null and void by reason of a failure to comply with the laws regulating the assessment and taxation of lands and their sale for delinquent taxes. The third defense

was the bar of the statute of limitations, and the fourth was to the effect that said land was subject to taxation for 1874; and the taxes duly assessed and levied thereon being delinquent for that year, the same was duly sold at tax sale for said taxes on September 7, 1875, on which sale a deed was executed to the defendant, Luther M. Myers, the holder of the tax-sale certificate, on October 12, 1878, which was filed for record on the same day, and that by mesne conveyances the title of said Luther M. Myers had been vested in the defendant, George L. Reid. The fifth defense was of the same nature as the fourth, except that the sale was on September 4, 1883, for the taxes of 1882, S. K. Linscott being the purchaser of the northeast quarter of said quarter-section for the taxes on the entire tract, and on September 7, 1886, the said S. K. Linscott obtained a deed therefor, which was recorded in September, 1886, and that by mesne conveyances the said title had been vested in George L. Reid. The reply was a general denial of the second and third defenses, and a general denial of all the other defenses, excepting it was admitted that the land was subject to taxation for 1874 and 1882; that it was sold for said taxes at the tax sales for said respective years; that a deed was issued to said Myers on said sale of 1875, and to said Linscott on said sale of 1883; and that by certain mesne conveyances these claims of title had been vested in the said George L. Reid, who was in the actual possession of said premises.

I. After introduction of the evidence on the part of the plaintiff, the defendants demurred thereto. This demurrer was overruled, and the defendants then offered their evidence, upon the close of which, on request of the defendants, the court instructed the jury to return a verdict in their favor. The case being brought

here by the plaintiff, the defendants now claim that they were entitled to judgment on the pleadings. There was no attack upon them by motion, demurrer or objection to the introduction of testimony, and the defendants did not ask for judgment on the pleadings. Under these circumstances, they must be liberally construed in favor of the plaintiff. It is urged that the two tax titles of the defendants having been specially pleaded in the answer, and the plaintiff admitting by her reply that the land was subject to taxation, that it was sold for non-payment of taxes, that tax deeds issued on such sales, and no defect being pointed out in the reply, their validity must be taken as admitted. The plaintiff did not admit, however, by her reply that the taxes had been duly assessed and levied upon the property, nor that the land was duly sold for delinquent taxes, and her general denial was sufficient to raise an issue as to said facts; and, in the absence of attack by any of the methods hereinbefore indicated, this was a sufficient basis for the testimony offered on the part of the plaintiff, showing, among other things, that some of the taxes of 1874 and subsequent years up to the date of the tax deed of 1878 were illegal, which proof was fatal to the tax title, unless saved by the bar of the statute of limitations. As to the tax deed of 1886 upon the northeast quarter of the tract in controversy, the plaintiff introduced no evidence whatever, and if a demurrer to the evidence or motion for verdict and judgment as to that portion alone had been interposed, we think it ought to have been sustained.

II. The claim of the plaintiff was under a tax deed to John C. Douglass, recorded September 8, 1868, and embracing the taxes of 1862, 1863, 1864, 1865, 1866, 1867, admitted to be *prima facie* valid, and a quitclaim

deed from said John C. Douglass and wife to the plaintiff, of date April 13, 1874, duly executed and acknowledged the same day, in consideration of $5 and of love and affection, and by way of advancement to the plaintiff, who was born August 5, 1868. This deed was not recorded until April 28, 1877. The first deed under which the defendants claim was upon a sale made September 7, 1875, for delinquent taxes of 1874, the same being bid off by the county treasurer, and the sale certificate, on October 27, 1876, assigned to said L. M. Myers, the taxes being paid until October 12, 1878, when the deed was executed, acknowledged, and recorded, and when the said Myers went into possession of the land, the same having ever been prior thereto vacant and unoccupied, and the defendants have ever since been in actual possession thereof, and they also paid the taxes for 1878, 1879, 1880, and 1881. It is claimed by the defendants that the failure of the plaintiff to place her deed from John C. Douglass and wife on record from the time it was executed, April 13, 1874, until April 28, 1877, operated to give priority to the defendants' title, which was inchoate during that period, and that by force of § 21, chapter 22, General Statutes of 1868, relating to conveyances, the plaintiff's claim to the land is void as against the defendants. On the other hand, it is contended by the plaintiff that the rule of *caveat emptor* applies to purchasers at tax sales, and that said § 21 has no application to those who claim under an independent title not derived from the grantor in the unrecorded deed. The precise point has never been settled by this court, perhaps the nearest approach to it being the cases where the contest has been between attaching creditors and the claimants under unrecorded deeds or mortgages.

(*Holden v. Garrett*, 23 Kas. 98 ; *Lee v. Bermingham*, 30 id. 312 ; *N. W. Forwarding Co. v. Mahaffey*, 36 id. 152.) But the analogies between that class of cases and the one now under consideration are not close, and we must decide the point as of first impression. Section 92 of the tax law then in force ( Gen. Stat., of 1868, ch. 107,) was as follows :

" When any lands or town lots are offered for sale for any taxes, it shall not be necessary to sell it as the property of any person or persons ; and no sale of any land or town lot for taxes shall be considered invalid on account of its having been charged on the roll in any other name than that of the rightful owner ; but such land must be, in other respects, sufficiently described on the tax-roll, and the taxes for which it is sold be due and unpaid at the time of such sale."

And by the form of the deed prescribed by § 112 of the same act, the title was made subject " to all rights of redemption provided by law." This clause was sufficient to save all the redemptive rights of minors under § 105 of the act. The plaintiff was the owner of this land by unrecorded deed before the taxes of 1874 were levied. The taxes, although a lien upon the land, were in no sense a personal charge against her. Purchasers at tax sales must look entirely to the real estate for their security. The tax-roll may or may not show the name of the owner, and this court has held that the omission of the name of the person to whom a tract of land is assessed from the notice of the tax sale, and from the notice of the expiration of the time for redemption, will not invalidate the title conveyed by the tax deed. (*Shoup v. C. B. U. P. Rld. Co.*, 24 Kas. 547.) Prior to the transfer act, being chapter 145 of the Laws of 1877, the statement of the names of the owners of land on the assessment-rolls must have been very defective, and we presume

little attention was paid to such names by purchasers at tax sales.. The security being upon the land, and the owner bound to pay the taxes, penalties and a high rate of interest in order to redeem, investors at tax sales were not likely to go to the records in the office of the register of deeds to ascertain the ownership before making their investments. Under these circumstances, we think a minor who owned the land by deed unrecorded when the taxes were levied and sale made, but recorded before the execution of the tax deed, would not be cut off by said § 21 of the act relating to conveyances from redeeming the land, nor from asserting her right thereto by action.

The defendants further contend in their brief that the plaintiff was not the owner at the date of the tax sale of 1875, because, although the quitclaim deed was executed in 1874, yet there was no proof of delivery of it at any time prior to the placing of it on record; but we think it sufficiently appears that the deed was delivered on the date of its execution. At least counsel for defendants so treated it in their objection to its introduction, wherein they stated that said deed was "dated and delivered on the 13th day of April, 1874, and not recorded until the 28th day of April, 1877."

III. It appears that on June 14, 1882, John. C. Douglass, as agent for the plaintiff, made an offer to said L. M. Myers, then county treasurer, to redeem the land, and tendered to him $223.70 in lawful money for that purpose; the tender being made on behalf of said minor child, and the treasurer so informed at the time, but he refused the tender. The defendants claim that the amount of the tender was insufficient under § 105 of said tax law for 1868, and this is based upon the assumption that interest on the amount paid

at the tax sale and on subsequent taxes should be computed up to the date of the deed, and that this should form a new principal on which interest should be reckoned thereafter. The words of the statute do not, in our opinion, authorize this construction, and failing to do so, we would not feel warranted in giving the language an interpretation which would allow interest upon interest. Computing interest upon each payment down to June 14, 1882, including the cost of deed and recording the same, we find that the tender was sufficient in amount.

IV. The plaintiff was a minor until August 5, 1886. This land was conveyed to her April 13, 1874. It was sold for taxes September 7, 1875. The certificate was assigned to L. M. Myers, October 27, 1876, and the tax deed was executed October 12, 1878, when the said L. M. Myers entered into possession of the land, which had theretofore been vacant and unoccupied. Although a minor, her right of action would have been barred within five years thereafter if no offer to redeem had been made, or had the tender been insufficient in amount. ( *Goodman v. Wilson*, 54 Kas. 709, and cases cited.) But a sufficient offer to redeem with tender of payment was made June 14, 1882, and the first action was commenced June 10, 1887, which was in time under § 141 of the tax law, and as she commenced the present action within less than one year after the dismissal of the first, we must hold that her rights are saved by § 23 of the code.

Some other questions are raised in the case, but the record is not entirely satisfactory thereon, and we deem it unnecessary to decide the same at this time.

The judgment will be reversed, and the cause remanded for a new trial.

All the Justices concurring.