CHARLES B. HULSMAN, *Appellant,* v. JENNIE DEAL, *Appellee.*

No. 16,541.

### SYLLABUS BY THE COURT.

TAXATION—*Redemption from Tax Sale—Minor—Limitation of Actions.* The right of a person, given by statute, to redeem his land from a sale for taxes during the period of his minority and for one year thereafter is not hindered by the provisions of another statute which requires that a suit to avoid a sale or conveyance for taxes, except in cases where the taxes have been paid or the land redeemed, shall be commenced within five years from the time of recording the tax deed.

Appeal from Finney district court; WILLIAM H. THOMPSON, judge. Opinion filed May 7, 1910. Reversed.

*O. H. Foster, Edgar Foster,* and *Fred J. Evans,* for the appellant.

*Albert Hoskinson,* and *R. W. Hoskinson,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: The question to be decided arises upon the right of a person to redeem his real estate from a sale and conveyance for taxes more than five years

Hulsman v. Deal.

after the tax deed had been recorded, but within one year after attaining the age of twenty-one years.

The plaintiff became the owner of the land on June 30, 1894. He was then a minor. He became twenty-one years of age on October 10, 1906. The defendant claims to own and is in possession of the land under a tax deed dated June 22, 1900, for the delinquent taxes of 1893. On September 24, 1907, the plaintiff tendered to the county treasurer a sufficient sum for the redemption of the land from the tax sale and conveyance, as provided by law. (Laws 1893, ch. 110, § 2; Gen. Stat. 1909, § 9465.) This tender was refused. He filed his petition October 7, 1907, alleging these facts and including other allegations necessary in an action of ejectment. The defendant demurred to the petition. The demurrer was sustained, and the plaintiff appeals. The reason for the decision is thus stated in the judgment:

"And the court . . . sustained said demurrer for the reason that the petition shows upon its face that the tax deed under which the defendant claims has been of record for more than five years prior to the commencement of this action, and for more than five years prior to the making of the tender plead by the plaintiff in this action, and because no action was commenced or tender made prior to the expiration of five years from the recording of the deed."

The plaintiff bases his right to redeem upon the statute providing that "the lands of minors . . . may be redeemed at any time before such minor becomes of age, and during one year thereafter." (Laws 1876, ch. 34, § 128; Gen. Stat. 1909, § 9466.) This case falls clearly within the terms of this statute, but it is claimed that section 141 of the tax law is a limitation upon the minor's right of redemption. This section reads:

"Any suit or proceeding against the tax purchaser, his heirs or assigns, for the recovery of lands sold for taxes, or to defeat or avoid a sale or conveyance of lands for taxes, except in cases where the taxes have been paid or the land redeemed as provided by law,

shall be commenced within five years from the time of recording the tax deed, and not thereafter." (Laws 1876, ch. 34, § 141; Gen. Stat. 1909, § 9483.)

While these sections must be read together, being parts of the same chapter and relating to the same subject, full effect should be given to the provisions of each, if not inconsistent or contradictory. It will be noticed that from the limitation in the last section quoted cases are excepted where the taxes have been paid or the land redeemed as provided by law. In cases other than those excepted the five-year limitation applies; in the excepted cases it does not. Therefore a minor may redeem his land during his minority and for one year afterward. No conflict is perceived in these provisions.

It is insisted, however, that this court has held otherwise. The cases of *Cartwright v. Korman,* 45 Kan. 515, and *Goodman v. Wilson,* 54 Kan. 709, are cited in support of this contention. In the first of these cases the question related to the redemption of the land of an insane person, and it was held that section 17 of the civil code (Gen. Stat. 1901, § 4445) did not enlarge the five-year limitation provided in the tax law. In the opinion, after quoting section 141 of the tax law, it was said:

"The limitation begins to run immediately upon the recording of the tax deed, and against all persons, except in such cases and against such persons as are expressly excepted from its operation. The only exception provided is where the taxes have been paid or the lots redeemed as provided by law. . . . It has been determined that it [§ 141] is complete in itself, except so far as it is modified by other provisions of the tax law." (Page 517.)

Thus the force of the exceptions was clearly recognized. In *Goodman v. Wilson,* 54 Kan. 709, the opinion discussed the right of minors to redeem from tax sales, and decided that section 141 of the tax law is not modi-

fied or limited by the code provision before referred to. The person in whose right redemption was there sought had become of age more than one year before the suit was commenced. His case was therefore not within the exception of the statute, and the time could not be extended by the two-year period for commencing actions after disability is removed, as provided in the code.

In the argument reference was made to *Douglass v. Lowell,* 55 Kan. 574, but in that decision effect was given to the exception in favor of minors. Language in the opinion not necessary to the decision, which it is claimed imports a different conclusion, has been, it seems, erroneously construed to limit the right of redemption expressly given to minors by the statute.

The plaintiff, having tendered the amount due for taxes within the time allowed therefor, must be considered as having redeemed the land under the provisions of the statute first quoted.

Another contention of the defendant is that the plaintiff, in order to state a cause of action, ought to have alleged that the land was not necessary for the payment of the debts of his parents, through whom he derived title by inheritance. This contention is without merit. The petition stated a cause of action.

The judgment is reversed and the cause remanded, with directions to overrule the demurrer.