ORVAL KINGTON, *Appellant*, v. JOHN McCLURG EWART, *Appellee.*

No. 16,944.

SYLLABUS BY THE COURT.

1. TAXATION—*Rights of Minor to Redeem After Attaining Majority—Evidence.* A party who was seeking to redeem land from a tax deed and had received a deed for the land when a child testified that his grantor, acting for him, accepted an offer of the subsequent grantee in the tax deed to pay the taxes for the use of the land. The defendant held by quitclaim from the grantee in the tax deed. The evidence was excluded because the former minor's grantor was deceased. *Held*, that as neither party was executor, administrator, heir at law or next of kin to the deceased, the evidence was competent.

2. —— *When Minor May Redeem.* A minor may within one year after reaching majority redeem from a tax sale notwithstanding the five-year limitation found in section 9483 of the General Statutes of 1909 (Laws 1876, ch. 34, §.141).

Appeal from Finney district court. Opinion filed July 7, 1911. Reversed.

*Milton Brown*, for the appellant.

*S. D. Bishop, L. S. Ferry, T. F. Doran*, and *J. S. Dean*, for the appellee.

*Fosters & Trinkle*, for O. B. Looney.

The opinion of the court was delivered by

WEST, J.: The appellant, Orval Kington, was born March 26, 1883. When about ten years of age Joshua Barbee deeded Kington the west half of the quarter sec-

tion in controversy, Barbee remaining the owner of the east half. The quarter section continued to be assessed as one tract to Barbee, the appellant not being shown to have been in possession of his portion. On January 18, 1901, Finney county, through its proper officers, executed to L. M. Bland a tax deed to the entire quarter. Orval Kington became of age March 26, 1904, and therefore had until March 26, 1905, to redeem. (Laws 1876, ch. 34, § 128, Gen. Stat. 1909, § 9466.) He employed Milton Brown to look after the matter in the summer or fall of 1904. Brown testified that in the winter of 1904, or not later than January or February, 1905, he went to the office of the county treasurer and asked him to figure up what was necessary to redeem the west half of the quarter, stating that he, Brown, wanted to redeem it for Kington, the owner of the land, and laid down on his counter $200 United States gold coin; that the treasurer said it was impossible to figure it out, as it was assessed and taxed with other lands and improvements and he could not and would not accept any sum. After this Brown testified that he met the defendant, Ewart, and told him that the Bland tax deed under which Ewart held by quitclaim was void, and offered to pay whatever he, Ewart, might reasonably name for a quitclaim by way of redemption; that if he would not do this he, Brown, would bring suit against him for the land; that Ewart said he would do what was right, but wanted to see Bland and his attorney, and not to bring suit; that he would take up the matter and name a sum. Brown further testified that in the fall of 1905 he again met Ewart, and that thereafter he had various conversations with attorneys, who agreed to take up the matter but who did not make any proposition. On August 17, 1906, Brown filed a petition for Kington, alleging the invalidity of the tax deed; that the land had been rented by Kington to Bland for grazing purposes upon the agreement that Bland would pay the taxes, and that Bland had used it

for grazing purposes and failed to pay the taxes, and that Kington had been and then was ready and willing to pay the legal taxes and charges if the court would fix the same; that he had repeatedly offered to pay what would be lawful and right, but that the defendant had refused to agree with the plaintiff and his attorneys and agents in the matter. The petition contained an allegation that the rents were worth $100 and that the tax deed was a cloud upon the title. After an answer setting up the tax deed and conveyance from Bland, the plaintiff amended his petition, setting up an offer to pay the lawful taxes and charges, and that this offer had been made to the defendant and his attorneys in 1905, and alleging that their promises had caused plaintiff to delay bringing his action, and that defendant was thereby estopped from insisting on the statutory time. The court made findings of fact and rendered judgment in favor of defendant, and the plaintiff appeals, insisting that the tax deed is void for the reason that the west half of the quarter was not assessed separately, for the reason that the grantee, Bland, violated his agreement to pay the taxes for the use of the land, and that defendant is estopped to defend on the ground that the action was not brought within one year from plaintiff's majority.

The fact that the quarter was assessed as one tract does not of itself render the deed void on its face. (*Edwards v. Sims,* 40 Kan. 235, 241.)

The plaintiff testified that shortly after he received his deed Bland came over to his mother's house and talked with him and Mr. Barbee outside the house; that at that time Mr. Barbee and his mother were looking after his land for him, he being about ten years of age; that Bland had a talk with Barbee and him about renting the land; that Bland said he would want to graze it, and would take care of the improvements and fences and pay all the taxes on the place for the use of it until Kington became of age; that Mr. Barbee said he would

recommend this to the mother, and that when told of it she said "All right," and that plaintiff saw Barbee go and say something to Mr. Bland, and that afterwards he, plaintiff, saw Bland's cattle grazing on the land. The court struck out this conversation, and it is claimed that the testimony was incompetent because Barbee had since died. But neither party was executor, administrator, heir at law or next of kin to Barbee, and we see no reason why this evidence was incompetent. (Civ. Code, § 320.) Other testimony indicated quite strongly that such a conversation or arrangement was had with Bland, although this was denied by him, he himself testifying that he grazed it from some time in 1894 until he sold it to the appellee. If, as claimed by Kington, Bland agreed to pay the taxes for the use of the land and failed to do so, he had no right to allow the taxes to accumulate and take a deed to himself, and this evidence should have gone to the jury upon this point. (*Carithers v. Weaver*, 7 Kan. 110; *Duffitt v. Tuhan*, 28 Kan. 292.)

The alleged promises and delays on the part of the defendant and his counsel, which were said to amount to an estoppel, were so largely subsequent to the plaintiff's arriving at majority that they can hardly be considered sufficient for this purpose, there being no mention of the statute of limitations and no promise to waive it. Of course, a promise to settle, after the statute had run, could have no effect to prevent a party from suing before it had run. The abstract does not show that the statute of limitations was pleaded, but counsel so state, and the case is treated as if it were.

The attempt to pay the county treasurer sufficient gold to redeem seems to have been about all that the plaintiff was able to do in that respect, assuming, as we do, that the amount, $200, was sufficiently large. The statute (Laws 1893, ch. 110, § 3, Gen. Stat. 1909, § 9470) provides that a minor, or some person in his behalf, shall pay to the county treasurer the sum for

which such land was sold, with certain costs, etc. If the treasurer did not and could not know or ascertain the exact amount, it is not strange that the minor could not, and it would seem that the spirit of the statute was observed, at least, by the request made and the amount of money offered, and there is no question that the minor had the right to redeem within one year after arriving at majority. (*Hulsman v. Deal*, 82 Kan. 518.)

If the tax deed be valid, the action was brought too late, as more than one year after majority had expired. Had the action been timely, however, the offer and request to the county treasurer, if shown by competent evidence, would have been proper touching the good faith of the appellant and the necessity for his suit. If the tax deed be void for failure of the grantee to pay the taxes which he offered to pay, it could not start the statute of limitations running, and such offer and request would be equally competent. If, as asserted and sought to be proved, there was a violated agreement to pay the taxes for the use of the land, the deed can not stand in the way of granting relief to the appellant, and his evidence on this point should have been received. Its exclusion was error, and the judgment is reversed and the cause remanded for further proceedings.