[No. 10398.   Department One.   January 8, 1913.]

SEATTLE LAND AND IMPROVEMENT COMPANY, *Appellant*, v. M. P. BLUM *et al.*, *Respondents*.[1]

TAXATION—REDEMPTION BY MINOR HEIR—TENDER OF TAXES—STATUTES—IMPLIED REPEAL. Repeals by implication not being favored, Rem. & Bal. Code, § 9259, which is a special act permitting a minor to redeem his real property from tax sale, at any time after sale and before the expiration of one year after removal of his disability, was not repealed by the general act of 1907, p. 398, Rem. & Bal. Code, § 162, providing a limitation for the bringing of actions to set aside tax deeds or for the recovery of land sold for taxes.

TAXATION—REDEMPTION BY MINOR—TENDER. A tender of taxes by a minor, pursuant to Rem. & Bal. Code, § 9259, providing for re-

[1]Reported in 128 Pac. 1066.

demption from tax sales by minors, *ipso facto* operates as a redemption, the right being highly favored, requiring a liberal construction.

TAXATION—REDEMPTION—PERSONS ENTITLED—GRANTEE OF MINOR. The right of a minor to redeem his land sold for taxes, within one year after attaining majority, given by Rem. & Bal. Code, § 9259, is assignable, and may be exercised by his grantee; especially where he warranted the title.

Appeal from a judgment of the superior court for King county, Tallman, J., entered March 16, 1912, upon sustaining a demurrer to the complaint, dismissing an action to quiet title. Reversed.

*Granger & Clarke* and *Emmons & Emmons*, for appellant.

*J. W. Brown*, for respondents.

GOSE, J.—This is an appeal from a judgment sustaining a demurrer to the plaintiff's second amended complaint and dismissing the action. The action was dismissed after the plaintiff had elected to stand upon its pleading. The complaint, after alleging the appellant's corporate existence and the payment of its last annual license tax, avers that, on November 15, 1902, and for several years prior and subsequent thereto, one Blinn S. Bryant, as the minor heir of his mother, was the owner in fee of the real property in controversy; that he attained his majority on the 29th day of October, 1909; that on the date first mentioned, the county treasurer of King county sold the property to the respondent husband for the taxes of 1886, and that on the 18th day of December, 1902, the treasurer executed and delivered to the purchaser a tax deed therefor; that on or about the 28th day of June, 1910, Bryant conveyed the property to the appellant by a warranty deed, and that it is the owner thereof; that on the 26th day of October, 1910, the appellant, "in its own interest and in behalf of the said Blinn S. Bryant," tendered to the county treasurer the amount required by law for the purpose of redeeming the property from the tax sale; that the treasurer refused the tender, on the ground that he did not know Bryant's age and

that he did not know what, if any, improvements had been placed upon the property; that within one year after the minor reached his majority it made a like tender to the respondents, which they refused; that the property is vacant and unimproved; and that the appellant has deposited in court the amount of money necessary to effect the redemption. The prayer of the complaint is that the appellant's title to the premises be quieted, and that it be decreed to be the owner in fee simple. The demurrer was rested upon two grounds, (1) that the complaint does not state facts sufficient to constitute a cause of action; and (2) that the action was not commenced within the time limited by law.

The respondents rest their right to an affirmance of the judgment upon two grounds: (1) that the provisions of the code (Rem. & Bal. § 9259), permitting a minor heir to redeem his real property from a tax sale "at any time after sale and before the expiration of one year after such disability has been removed," was repealed by Laws 1907, p. 398 (Rem. & Bal. Code, § 162); and (2) that the right to redeem, if it exists, was personal to the minor, and could not be exercised by his grantee, either for itself or on behalf of itself and its grantor.

The statute permitting a minor heir to redeem his property from a tax sale, within one year after he attains his majority, is a special act upon a special subject, and deals with a special and favored class whom the law has ever deemed it wise and expedient to protect against both such acts done or suffered to be done by them as may be disadvantageous to their material welfare. The action is neither waged to set aside a tax deed nor to recover possession of premises. The premises were vacant, unimproved, and unoccupied when the suit was commenced. The object of the action is to have it decreed that the tender of the taxes *ipso facto* operated as a redemption from the tax sale, and incidentally to quiet title. The purpose of the act of 1907 was, as its title expresses, to provide a limitation for the bringing of actions to set aside or cancel tax deeds or for the recovery of lands sold for taxes.

Neither the title nor the body of the act remotely suggests an intention to cut off the minor's right of redemption. One of the fundamentals of statutory construction is that repeals by implication are not favored.

"The rule is that a general statute does not repeal a special one, unless such is the plain legislative intent, even when they may contain somewhat inconsistent provisions." *State ex rel. Abbott v. Ross,* 62 Wash. 82, 113 Pac. 273.

See, also, *Suell v. Jones,* 49 Wash. 582, 96 Pac. 4; *Meade v. French,* 4 Wash. 11, 29 Pac. 833; *Hulsman v. Deal,* 82 Kan. 518, 108 Pac. 849. The controlling principle is tersely stated by the late Chief Justice Dunbar in *Meade v. French,* as follows:

"Hence the rule obtains that repeals by implication are not favored, and courts will seek to harmonize the laws and preserve them, rather than declare them abrogated or repealed; and if by any reasonable construction they can stand together, they will both be enforced and in construing statutes for the purpose of ascertaining whether repugnancy really exists, as well as to gather the intention of the legislature in any particular, the whole statute on the subject must be construed together."

The right of redemption conferred upon minors by the statute is a highly favored right, and statutes conferring it are accorded a liberal interpretation. *Hoffman v. Peterson,* 123 Wis. 632, 102 N. W. 47. The better view is that a tender of the taxes in pursuance of the statute *ipso facto* operates as a redemption. *Hulsman v. Deal, supra; Kington v. Ewart,* 85 Kan. 292, 116 Pac. 495. The language of the Kansas statute construed in *Hulsman v. Deal,* is:

"The lands of minors may be redeemed at any time before such minor becomes of age, and during one year thereafter."

The court, in speaking of this provision, said:

"The plaintiff, having tendered the amount due for taxes within the time allowed therefor, must be considered as having redeemed the land;"

under the provisions of the statute quoted. The cases cited by the respondents, declaring the impregnable character of a tax deed under the act of 1907, all have reference to adult owners. Our conclusion is that the right of a minor heir to redeem from a tax sale is unaffected by the act of 1907.

The second contention is equally untenable. It is alleged that the tender was made by the appellant "in its own interest and on behalf of" Bryant. The right accorded by the statute to a minor heir was intended to be, and is, a tangible, valuable right, and it may be exercised by his grantee, who acquires the title fortified by the minor's warranty. *Stout v. Merrill*, 35 Iowa 47. Moreover, the appellant's grantor, by warranting title to his grantee, continued to have the same interest in the redemption of the land that he had before he conveyed. *Hoffman v. Peterson, supra.* Speaking to this question, the court said:

"We are persuaded that the true policy of our statutes is that this privilege shall be enjoyed by the minor throughout the full statutory term, if the minor's interests may be subserved or protected thereby, though it may not be exercised if of no possible benefit to the minor. *Cousins v. Allen, supra.* In the present case, by warranting title to his grantees, Albert Johnson continued to have the same interest in the redemption of the land as if he had made no deed at all. If denied that right, his pecuniary loss is the value of the land, as measured, at least, by the price for which he was able to sell it."

The judgment is reversed, with directions to overrule the demurrer.

Parker, Crow, and Chadwick, JJ., concur.