CHARLES B. HULSMAN, *Appellee*, v. JENNIE DEAL, *Appellant*.

No. 18,274.

SYLLABUS BY THE COURT.

EJECTMENT—*Tax-lien Holder—Owner in Fee—Real "Party in Interest."* Land in possession of a tax-lien holder was deeded to a third party by the fee owner for the purpose of securing a debt. *Held*, that the grantor could thereafter maintain ejectment against the one thus in possession.

Appeal from Finney district court; WILLIAM H. THOMPSON, judge. Opinion filed November 8, 1913. Affirmed.

*R. W. Hoskinson*, and *Albert Hoskinson*, both of Garden City, for the appellant.

*Edgar Foster*, of Garden City, for the appellee.

The opinion of the court was delivered by

WEST, J.: Action in ejectment. The plaintiff recovered subject to a lien for taxes and improvements. The defendant appeals and insists that the plaintiff, having parted with his title, was not the real party in interest.

The quarter section in controversy was in possession of a tax-deed holder, but was owned by the plaintiff, who had within one year from his majority made sufficient tender to redeem, which tender was refused. (*Hulsman v. Deal,* 82 Kan. 518, 108 Pac. 849.)   He traded this and another quarter for certain personal property valued at $1600.   There was testimony tending to show that the trade was made on condition that the plaintiff should perfect the title or pay back $800 of the consideration; that being unable to effect a settlement with the one in possession, he took a reconveyance from his grantees in order to bring ejectment; that he then deeded to a company of which such grantees were officers, for the purpose of securing the payment of the $800 in case he should not make good his title to the land; that the deed was mutually intended as security.   It is true, as suggested, that the plaintiff's own testimony in chief would apparently leave him without title, but from his cross-examination and from other evidence introduced the trial court could have justly reached the conclusion that the title of the plaintiff was sufficient to enable him to maintain the action.

It is familiar law that a deed intended merely for the purpose of securing a debt leaves the grantor the real owner. (*Stratton v. Rotrock,* 84 Kan. 198, 114 Pac. 224, and cases cited.)   His ownership thus remaining is sufficient for him to maintain ejectment against a stranger to the deed in possession under a redeemable tax lien.

The question of title, the only one presented by the appeal, depends on the proper deductions to be drawn from the evidence of act and intention, and these, we think, justify the result reached below.

The judgment is therefore affirmed.