[Nos. 25320, 25343. *En Banc.* November 20, 1934.]

THE STATE OF WASHINGTON, *on the Relation of Wenatchee Heights Reclamation District et al., Plaintiff,* v. E. F. BANKER, *as Director of the State Department of Conservation and Development, Respondent.*

THE STATE OF WASHINGTON, *on the Relation of Spokane Valley Irrigation District et al., Plaintiff,* v. E. F. BANKER, *as Director of the State Department of Conservation and Development, Respondent.*[1]

[1]Reported in 37 P. (2d) 1115.

*A. N. Corbin,* for relator reclamation district.

*T. T. Grant* and *Fred J. Cunningham,* for relator irrigation district.

*The Attorney General* and *George Downer, Assistant,* for respondent.

*Hugo F. Luhman* and *Moulton & Powell, amici curiae.*

HOLCOMB, J.—These two matters are before us on original petitions for peremptory writs of mandate directing respondent to accept bonds sold to him and provide payment therefor. The facts are fully alleged in the petitions, to which respondent demurred on the ground that the petitions do not state facts sufficient to constitute causes of action, or to warrant the issuance of the writs.

The case of the *Spokane Valley Irrigation District of Spokane County* is one involving an irrigation district which is situate in a county of the first class. The case on behalf of *Wenatchee Heights Reclamation District of Chelan County* is one involving a reclamation district not situated in a county of the first class, but situated wholly within the one county.

In the Spokane Valley Irrigation District petition, it is alleged that the voters of the district, on or about August 4, 1934, authorized the issuance and disposal of $308,945.70 of the bonds of the district at a special election held in the district on that date, called, conducted and canvassed in accordance with the provisions of Rem. Rev. Stat., § 7417 [P. C. § 3197], *et seq.* A part of these bonds in the sum of five hundred dollars was sold to respondent, subject to approval as to the legality by the *Attorney General.* A tender of same was made to him with a request for a warrant in payment of the purchase price thereof, but respondent, upon advice from the *Attorney General,* refused

to accept the tender and to deliver a warrant in payment thereof to the officers of relator district, on the sole ground that the bonds are not valid obligations of the district because the election authorizing the bonds was not called, conducted and canvassed, under the provisions of chapter 29, Laws of 1933, Ex. Ses., p. 76, Rem. 1934 Sup., § 5147 [P. C. § 2120-5]. Respondent will continue to refuse to accept the bonds agreed to be purchased and to provide for the payment therefor until the validity of the special election above mentioned has been finally determined by this court. It is conceded that the officials of the district fully complied with the provisions of Rem. Rev. Stat., § 7417, *et seq.,* but failed to comply with the provisions of chapter 29, Laws of 1933, Ex. Ses., p. 76, Rem. 1934 Sup., § 5147 [P. C. § 2120-5].

On or about February 1, 1934, relators, the officers of the Wenatchee Heights Reclamation District of Chelan County and its board of directors, entered into an agreement with the state director of the department of conservation and development for the sale of ninety-five thousand dollars of the bonds of that district. The bonds were duly issued and tendered to respondent, who refused to accept them on the sole ground that the election proceedings in connection with the bond issue was conducted under the provisions of the irrigation district law, Rem. Rev. Stat., § 7417 [P. C. § 3197], *et seq.,* and not in accordance with chapter 29, Laws of 1933, Ex. Ses., p. 76, Rem. 1934 Sup., § 5147 [P. C. § 2120-5]. Relators of that district seek a peremptory writ directing respondent to purchase the bonds in accordance with the terms of the sale.

Both actions are to compel respondent to accept the bonds as valid. The sole question involved herein, therefore, is whether the provisions of chapter 29

supersede the provisions of § 7417 *et seq., supra,* and should have been followed in calling, conducting and canvassing the special elections authorizing the bonds in question. If the provisions of chapter 29, *supra,* apply, the bonds of both districts in question are illegal, and their petitions should be denied.

■■ The same extraordinary session of the legislature of 1933 provided an appropriation for the purchase of irrigation and other reclamation district bonds in the furtherance of agricultural relief. Laws of 1933, Ex. Ses., p. 42, § 5. Federal agencies are also engaged in purchasing the bonds of such districts with the same object in view. Federal Emergency Farm Mortgage Act, June 16, 1933.

In *State ex rel. School District No. 92 of Clark County v. State Finance Committee,* 178 Wash 565, 35 P. (2d) 500, we held that chapter 29, Laws of 1933, Ex. Ses., p. 76, Rem. 1934 Sup., § 5147 [P. C. § 2120-5], impliedly repealed special provisions for holding elections contained in the code of education, and it is argued by respondent that chapter 29, *supra,* applies to all elections, and impliedly repeals the election provisions of our irrigation district laws.

While that decision involved a very confusing and conflicting series of statutes, the irrigation district election laws were not even mentioned in the majority decision or by either party to the controversy. While the language of the act which was construed in the majority decision was stated to be "sweepingly broad," there were certain provisions in the act construed in that decision (chapter 29, *supra)* which expressly repeal certain sections of the old general election law, and then said: "and all other acts or parts of acts in conflict herewith are hereby repealed." The majority of those who signed that decision still consider that it was the only construction possible in that

case, but we do not consider that there is anything in common between the issues there and in these two cases. We there stated that

". . . heretofore under these separate acts, just such an election board as is created by chapter 29 has functioned throughout the state in all counties and all elections, save only as other provisions of the law created exceptions."

Irrigation district special elections always have been exceptions. These districts may be created comprising territory in more than one county. The right of suffrage in their special elections differs vastly, for one thing, in requiring ownership of land in such district, but not requiring residence therein. Corporations may vote thereat, through their duly authorized officers, which is not permitted at any other county or municipal election. There are other differences as to qualifications of voters at such special elections with the qualifications of electors at all other elections, unnecessary to mention. It is manifest that there are plain and positive distinctions between the election law applying to these cases and that governing the school district case, *supra*. Irrigation districts are not, in general, municipal corporations for all municipal purposes. We have said that

"Irrigation districts are agencies of the state created by the legislature for certain definite purposes and that they might be considered quasi-municipal corporations." *Columbia Irrigation District v. Benton County*, 149 Wash. 234, 270 Pac. 813.

The 1933 extraordinary session also passed amendments to the irrigation district law relating to district bond elections. Chap. 11, Laws of 1933, Ex. Ses., p. 23, Rem. 1934 Sup., § 7434-1 [P. C. § 3274-15], *et seq.* It should be observed that the irrigation district law includes three acts authorizing the issuance and dis-

posal of refunding bonds. One may be termed the general act, Rem. Rev. Stat., § 7431½ [P. C. § 3210-1], *et seq.;* another is a special bond refunding act, Rem. 1934 Sup., § 7434-1 [P. C. § 3274-15], *et seq.;* and the third is the limited liability bond refunding act, Rem. Rev. Stat., § 7530-1 [P. C. § 3274-31], *et seq.*

Chapter 11, *supra,* was undoubtedly enacted for the purpose of clarifying the manner in which the bonds of irrigation districts either theretofore or thereafter issued may be refunded, in whole or in part, in the manner therein provided. In the same amendatory act, the following new section was added to the general bond act of the irrigation district law:

"That the procedure outlined in sections 7431½ to 7432 both inclusive, and in section 7433, for the authorization, issuance and disposal of bonds as heretofore constituted and shall hereafter constitute a method independent and exclusive of that provided by any other statute or statutes, for the authorization, issuance and disposal of bonds of the district for any and all of the objects and purposes in said sections provided, and any or all proceedings heretofore had, official acts heretofore performed or any bonds heretofore authorized or issued or disposed of in substantial accordance with the provisions of said sections are hereby validated and confirmed." Rem. 1934 Sup., § 7432½ [P. C. § 3274-196].

It will be noted that the provisions of that section prescribe that they

". . . *shall hereafter constitute a method independent and exclusive of that provided by any other statute or statutes* for the authorization, issuance and disposal of bonds of the district for any and all of the objects and purposes in said sections provided." (Italics ours.)

The act amending the irrigation district law carried an emergency clause, was approved by the governor on January 4, 1934, and went into effect on that day,

eleven days before chapter 29, *supra,* was approved by the governor and over ninety days before the latter went into effect. The amendment to the irrigation district laws was a special statute, and carried an emergency clause. It must be presumed, therefore, that the legislature in passing chapter 29, *supra,* had full knowledge of what they had done in chapter 11, *supra,* and had no intention of annulling chapter 11.

While the presumption is that a later general statute, in conflict with an earlier general statute passed at the same session of the legislature, repeals the prior one, that is not true where the special act was enacted earlier in the same session, especially where there is an emergency clause, since repeals by implication are not favored, and special acts are not presumed to be repealed by a general act. *State ex rel. Johnson v. Clausen,* 51 Wash. 548, 99 Pac. 743; *State ex rel. Abbott v. Ross,* 62 Wash. 82, 113 Pac. 273; *Seattle Land & Improvement Co. v. Blum,* 71 Wash. 530, 128 Pac. 1066; *State v. Hewitt Land Co.* 74 Wash. 573, 134 Pac. 474; *Whitfield v. Davies,* 78 Wash. 256, 138 Pac. 883; *Hardin v. Klickitat County,* 115 Wash. 389, 197 Pac. 644, 203 Pac. 383.

In *State ex rel. Allen v. Public Service Commission,* 111 Wash. 294, 190 Pac. 1012, we held that the law for the establishment and regulation of ferries (then codified as Rem. Code, § 5013-1) was a special law upon that subject alone and not a general law; and that, being a special law covering the whole subject and vesting control of the ferries in county commissioners, it was not impliedly repealed by the public service commission law, a general statute for the regulation of private utilities by a state commission, since the last act did not cover the whole subject matter of the former and was not intended to take its place. We there approved the rule that had been announced in the *John-*

*son* case, *supra,* and three others cited in the opinion.

In these cases, it cannot be denied that the law passed by the same extraordinary session of the legislature relating to elections in irrigation districts, even in those situated in counties of the first class, by laws relating to a special subject with an emergency clause attached, was not intended to be repealed by chapter 29, *supra.* Neither does chapter 29, *supra,* have that constructive effect. The emergency clause attached to chapter 11 of the same session, even though enacted earlier than chapter 29, *supra,* shows that the subject matter of that act was more clearly and pointedly before the legislature than the subject matter of the later act. *Heilig v. City Council of Puyallup,* 7 Wash. 29, 34 Pac. 164. See, also, 59 C. J. 932, 935; 25 R. C. L. 912, 927.

We conclude for the foregoing reasons that elections in irrigation or reclamation districts, both of the class of that in a county of the first class and in that of Chelan county, are governed by the irrigation district election laws, Rem. Rev. Stat., § 7417 [P. C. § 3197], *et seq.,* and not by chapter 29, *supra.*

In both cases, it is directed that the peremptory writ of mandamus issue directing respondent to proceed with the purchase of the bonds in question.

TOLMAN, MAIN, and MILLARD, JJ., concur.

BLAKE, J. (concurring)—I concur in the result. To my mind, this case is not distinguishable, either in fact or principle, from the case of *State ex rel. School District No. 92 of Clark County v. State Finance Committee,* 178 Wash. 565, 35 P. (2d) 500. In candor, that case should be overruled.

BEALS, C. J., concurs with BLAKE, J.

GERAGHTY, J. (concurring)—I concur in the result. I dissented from the majority opinion in *State ex rel.*

*School District No. 92 of Clark County v. State Finance
Committee,* 178 Wash. 565, 35 P. (2d) 500. I agree
with Judge Blake that there is no distinction between
that case and this.

STEINERT, J. (dissenting)—I dissent. In my opinion,
the case cannot be distinguished from that of *State ex
rel. School District No. 92 of Clark County v. State
Finance Committee,* 178 Wash. 565, 35 P. (2d) 500.
The result should be the same in both cases.

